553 So.2d 298 (1989)
Scott D. MAKAR, Appellant,
v.
INVESTORS REAL ESTATE MANAGEMENT, INC., F/K/a Investors Real Estate Management of Tallahassee, Inc., D/B/a Georgetown Apartments of Gainesville, Credit Control Corporation and Credit Bureau of Gainesville, Appellees.
No. 89-720.
District Court of Appeal of Florida, First District.
November 30, 1989.
Susan L. Turner and Michael L. Rosen, of Holland & Knight, Tallahassee, for appellant.
Charles B. Carter, of Jones, Carter & Singer, P.A., Gainesville, for appellees.
ERVIN, Judge.
This is an appeal from an order awarding attorney's fees to appellees following appellant's voluntary dismissal of his case in the court below. We reverse and remand.
Appellant Makar sued appellees Credit Bureau and Credit Control for their repeated failure to delete erroneous and detrimental information from Makar's credit file. The appellees each offered a $25.00 settlement to Makar pursuant to Sections 768.79 and 45.061, Florida Statutes (1987), which Makar rejected. Before the scheduled hearing on appellees' motion for summary judgment, Makar voluntarily dismissed each appellee. Appellees moved for costs against Makar, and the trial court awarded Credit Bureau $436.50 and Credit Control $2,148.75 in attorney's fees, pursuant to the costs provision of Florida Rules of Civil Procedure 1.420(d) and the offer of judgment and settlement provisions of sections 768.79 and 45.061. We conclude that the trial court erred in interpreting these statutes as authorizing an award of attorney's fees following a voluntary dismissal.
Attorney's fees are recoverable as taxable costs pursuant to Rule 1.420(d), if specifically authorized by statute. Campbell v. Maze, 339 So.2d 202, 203 (Fla. 1976). Under section 768.79(1)(a), a defendant is entitled to recover costs and attorney's fees following an offer of judgment that the plaintiff did not accept, "if the judgment obtained by the plaintiff is at least 25 percent less than such offer." (Emphasis added.) In order for a defendant *299 to recover, there must be a judgment for the plaintiff. Rabatie v. U.S. Sec. Ins. Co., 14 F.L.W. 1753 (Fla. 3d DCA July 25, 1989). Similarly, under section 45.061(2), the party who made an offer of judgment must move the court "within 30 days after the entry of judgment," and the court must then determine whether the offer "was rejected unreasonably, resulting in unnecessary delay and needless increase in the cost of litigation." (Emphasis added.) Neither statute has any application unless a judgment has been entered.
No judgment was entered in this case, because the case was terminated pursuant to a voluntary dismissal. A judgment is a court's decision on the merits as to whether the plaintiff shall obtain the relief sought in the litigation. Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1391 (Fla. 3d DCA) (quoting Irving Trust Co. v. Kaplan, 155 Fla. 120, 125, 20 So.2d 351, 354 (1944)), review denied, 494 So.2d 1153 (Fla. 1986); George Vining & Sons, Inc. v. Jones, 498 So.2d 695, 697 (Fla. 5th DCA 1986). A voluntary dismissal, however, is not a judgment on the merits. Xerox Corp. v. Sharifi, 502 So.2d 1003, 1004 (Fla. 5th DCA 1987); Drady v. Hillsborough County Aviation Auth., 193 So.2d 201, 205 (Fla. 2d DCA 1966), cert. denied, 210 So.2d 223 (Fla. 1968), and cert. denied, 222 So.2d 751 (Fla. 1969). A voluntary dismissal operates as an adjudication on the merits only when a plaintiff has previously dismissed an action involving the same claim. Fla.R.Civ.P. 1.420(a)(1). Appellant had not previously dismissed this action.
Sections 768.79 and 45.061 are comparable to Section 627.428(1), Florida Statutes (1979), which requires a trial court to award attorney's fees "[u]pon the rendition of a judgment or decree." As observed by the Second District: "The paramount condition is the entry of a judgment against the insurer and in favor of the insured." Travelers Indem. Co. v. Chisholm, 384 So.2d 1360, 1361 (Fla. 2d DCA), review denied, 392 So.2d 1372 (Fla. 1980).
A basic tenet of statutory construction is that "where the language of a statute clearly limits its application to a particular class of cases, leaving no room for doubt as to the intention of the legislature, the statute may not be enlarged or expanded to cover cases not falling within its provisions." 49 Fla.Jur.2d Statutes § 118 (1984). Accord State ex rel. Florida Jai Alai, Inc. v. State Racing Comm'n, 112 So.2d 825, 828 (Fla. 1959). Attorney's fees are permitted only in those classes of cases the legislature has specifically identified. Unless and until the legislature amends the offer of judgment and settlement statutes to apply to voluntary dismissals, plaintiffs should be permitted to exercise their option to dismiss their cause at least once without being subjected to an assessment of attorney's fees.
REVERSED and REMANDED for further consistent proceedings.
JOANOS and BARFIELD, JJ., concur.