582 So.2d 24 (1991)
Gloria MUJICA and Robert Mujica, Her Husband, Appellants/Cross-Appellees,
v.
Steven R. TURNER, As Personal Representative of the Estate of Evelyn Wagner, Deceased, Appellee/Cross-Appellant.
Nos. 90-304, 90-715.
District Court of Appeal of Florida, Third District.
June 4, 1991.
Rehearing Denied July 29, 1991.
Nelson & Tacher, David L. Willing and Linda Koenigsberg, Miami, for appellants, cross-appellees.
Perse & Ginsberg, Edward Perse and Ratiner & Glinn, Miami, for appellee, cross-appellant.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Gloria and Robert Mujica from a final judgment entered upon an adverse jury verdict in a negligence action arising from an alleged accident in a nursing home; this is also a cross appeal from a denial of the defendant Steven R. Turner's motion for attorney's fees.
The plaintiff Gloria Mujica was a physical therapist at the Greenbriar Nursing Center in Dade County, Florida, and was in charge of the daily living activity program for Alzheimer's patients at the nursing center; the decedent Evelyn Wagner was a mentally incapacitated patient in this program and suffered from an advanced condition of Alzheimer's disease. The plaintiff Gloria Mujica was allegedly injured when she tried to take a bathrobe sash from the defendant's decedent who was at the time in the process of attempting to strangle herself to death; the decedent allegedly pushed the aforesaid plaintiff in the ensuing melee, causing the latter to fall and injure herself. We affirm.
*25 First, we conclude that as a matter of law the defendant's decedent, as an institutionalized Alzheimer's patient, owed no duty of due care to plaintiff who was the decedent's caretaker at the Greenbriar Nursing Home. Although we agree that ordinarily a mental incompetent is responsible for his own torts, Preferred Risk Mut. Ins. Co. v. Saboda, 489 So.2d 768 (Fla. 5th DCA), rev. denied, 501 So.2d 1283 (Fla. 1986); Kaczer v. Marrero, 324 So.2d 717 (Fla.3d DCA 1976); Jolley v. Powell, 299 So.2d 647 (Fla.2d DCA 1974), cert. denied, 309 So.2d 7 (Fla. 1975), we have recently held that this rule is inapplicable when the incompetent has been institutionalized, as here, because of her mental incompetency and injures one of her caretakers while in such institution. See Anicet v. Gant, 580 So.2d 273 (Fla.3d DCA 1991). This being so, we reject the contention that the trial court erred in denying the plaintiffs' motion for a directed verdict at trial, as it was the defendant, not the plaintiffs, who was entitled to a directed verdict in this case. Moreover, the plaintiffs' jury instruction point has no merit because the point of law covered by the instruction is inapplicable to this case; the point is also moot, in any event, as there was no liability in this case as a matter of law.
Second, there was no error shown in the trial court's denial of the defendant's motion for attorney's fees under Section 768.79, Florida Statutes (1989) and Fla.R. Civ.P. 1.442. This is so because there was no "judgment obtained by the plaintiff [of] at least 25 percent less than [the defendant's] offer [of judgment]," a necessary showing for an award of attorney's fees under the above statute and rule; to the contrary, the judgment below was obtained by the defendant, not the plaintiffs, and accordingly the defendant was not entitled to attorney's fees under the above statute and rule. Luizza v. Yaeger, 571 So.2d 600 (Fla.2d DCA 1990); Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla.2d DCA 1990); Gunn v. DePaoli, 562 So.2d 427 (Fla.2d DCA 1990); Coe v. B & D Transp. Serv., Inc., 561 So.2d 469 (Fla.2d DCA 1990); Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990); Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989) and authorities cited therein.
Affirmed.
HUBBART and BASKIN, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I join the opinion of the court on the issue of liability.
I am unable to agree with the interpretation of section 768.79, Florida Statutes (1989), which is the version of the offer of judgment statute applicable to this case.[*] That statute provided in part that where the defendant's offer of judgment was not accepted by plaintiff, "the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer... ." § 768.79(1)(a), Fla. Stat. (1989) (emphasis added).
In the present case the plaintiffs argue that the statute is inapplicable because the plaintiffs obtained no judgment in their favor; the judgment was entered in defendant's favor. That is an incorrect analysis. "A final judgment has been defined as one which determines and disposes of the whole merits of the cause before the Court by declaring that the plaintiff either is or is not entitled to recover by the remedy chosen... ." Irving Trust Co. v. Kaplan, 155 Fla. 120, 125, 20 So.2d 351, 354 (1944) (emphasis added). The offer of judgment statute refers to a "judgment obtained by the plaintiff," § 768.79(1)(a), not a judgment in favor of plaintiff.
It simply cannot be a reasonable interpretation that a plaintiff who recovers zero need not pay attorney's fees under the statute, while a plaintiff who recovers between *26 one percent and seventy-five percent of the offer must pay attorney's fees. Under the plaintiffs' interpretation, the statute penalizes those whose claim had some merit while exempting those whose claim had none. We should interpret the statute in a way consistent with its intent, and so as to avoid illogical or absurd results. The cases relied on for the contrary view are not well reasoned and should not be followed.
In my view the defendant is entitled to attorney's fees under the 1989 statute.
NOTES
[*] The statute has since been amended to eliminate the problem illustrated by this case. See ch. 90-119, § 48, Laws of Florida.