608 So.2d 857 (1992)
WILSON INSURANCE SERVICES d/b/a Wilson Insurance Agency; Alice Horrigan, individually, and as agent for Wilson Insurance Services, Inc.; Carol Ann Wilson, individually and as agent for Wilson Insurance Services, Inc.; and Herbert J. Wilson, individually and as agent for Wilson Insurance Services, Inc., Appellants,
v.
WEST AMERICAN INSURANCE COMPANY, Appellee.
Nos. 89-2516, 90-0036.
District Court of Appeal of Florida, Fourth District.
October 14, 1992.
Certification Denied December 30, 1992.
Neil Rose, Steven J. Chackman, and Hinda Klein of Conroy, Simberg & Lewis, P.A., Hollywood, for appellants.
John P. Wiederhold of Wiederhold, Moses & Bulfin, P.A., and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for appellee.
EN BANC
PER CURIAM.
In this case the appellants were denied an award of costs and attorneys' fees even though they were the prevailing parties in the proceedings below. On the issue *858 of costs we reverse on the authority of Aspen v. Bayless, 564 So.2d 1081 (Fla. 1990). The trial court did not have the benefit of the Aspen decision when it ruled on the appellants' motion for costs. The argument by the appellee that the appellants should be denied relief for citing to the wrong statute in the caption of the motion for costs is rejected. Hemmerle v. Bramalea, Inc., 547 So.2d 203 (Fla. 4th DCA 1989), rev. denied, 558 So.2d 18 (Fla.), and cert. denied, 496 U.S. 926, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990).
We affirm the denial of an award of attorney's fees under section 768.79, Florida Statutes (1989). Winn Dixie Stores, Inc. v. Elbert, 590 So.2d 15 (Fla. 4th DCA 1991).[1] There was no "judgment obtained by plaintiff" in this case. Therefore the statute does not apply. Mujica v. Turner, 582 So.2d 24 (Fla. 3d DCA), rev. denied, 592 So.2d 681 (Fla. 1991). Where the language of the statute is clear and limits the application of the statute to a certain class of cases, the statute may not be expanded to include cases not within its provisions. See Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989).
While the statute was amended in 1990 to include awards of attorneys fees in cases where a judgment of no liability is entered, the pre-amended version of the statute applied, the hearing in this case being held before the amended version was ever passed. We do not view the amendment as a mere clarification of legislative intent which should be given retroactive application. The plaintiff received the offer in this case under the pre-amended statute. The claim involved was worth as much as nine million. The offer was $10,000. The real controverted issue was liability, not the amount of damages. Given this wide disparity, the plaintiff's acceptance of such an offer would have been in essence a concession of liability. In assessing its choices under the statute as it existed, the plaintiff may well have considered that the offer was simply too low, given the extraordinary damages, to accept. The statute at the time did not penalize the plaintiff for making that calculated decision. Simply because the legislature decides several years later and during the appeal process that it wants to change the law should not affect decisions made in reliance on the existing law. Furthermore, as a review of the statutory amendment shows no clear and unequivocal desire for it to be applied retroactively, the general rule that statutes are not to be applied retroactively applies with particular force in this case where to do so would create a new liability based upon a past transaction. See Larson v. Independent Life & Accident Ins. Co., 158 Fla. 623, 29 So.2d 448 (1947).
For the foregoing reasons, we reverse on the cost issue but affirm as to the denial of attorney's fees.
GLICKSTEIN, C.J., DOWNEY, LETTS, HERSEY, DELL, GUNTHER, WARNER and FARMER, JJ., concur.
POLEN, J., concurs specially with opinion, in which ANSTEAD and STONE, JJ., concur.
GARRETT, J., recused.
POLEN, Judge, concurring specially, in which ANSTEAD and STONE, JJ., concur.
I concur with that portion of the majority opinion that reverses the trial court's denial of costs on the authority of Aspen v. Bayless, 564 So.2d 1081 (Fla. 1990).
*859 I further perceive that I am obliged to agree with the majority's holding on the attorney's fee issue, based on the supreme court's just-released Timmons v. Combs 608 So.2d 1 (Fla. 1992). The majority did not have the benefit of Timmons as the present case began its lengthy en banc journey through our court. And while Timmons does not squarely address the attorney's fee issue we have before us, the supreme court seems to approve the result reached by the majority when it notes:
Because the statute [768.79] in each instance referred to the recovery of a judgment by the plaintiff, the courts have consistently construed section 768.79 to preclude the recovery of costs and attorney's fees by a defendant when the defendant obtained a judgment. [Citations and footnote omitted.]
Id. at 1.
But for the supreme court's apparent indication that it would approve the conclusion reached by the majority, I would dissent and urge that we adopt Judge Cope's well-reasoned dissent in Mujica v. Turner, 582 So.2d 24 (Fla. 3d DCA 1991).
NOTES
[1] We also wish to correct what is an apparent mistake in our opinion in Winn-Dixie v. Elbert. In that case we held that section 768.79 (1989) required a judgment in favor of plaintiff to trigger its application. However, we also stated that "Appellant, however, argues that a verdict awarding appellee nothing is certainly 25 percent less than the offer, thus activating the applicable portion of either statute. It would appear that appellant's position is well-founded." That sentence implies that contrary to our holding, 768.79 did not require a judgment in favor of plaintiff. To dispel any confusion, we interpret Winn-Dixie v. Elbert as holding that section 768.79, Florida Statutes (1989), requires a judgment in plaintiff's favor, but section 45.061 permits an award of attorney's fees where a defense verdict is entered, albeit under the reasonableness standard enunciated in that opinion.