654 So.2d 1233 (1995)
Candace JOHNSON, Appellant,
v.
Kashy Lorene FYE and Millard Newman, Appellees.
No. 94-2656.
District Court of Appeal of Florida, First District.
May 9, 1995.
Don Geier, Gainesville, for appellant.
Bureus Wayne Argo, Ocala, for appellees.
LAWRENCE, Judge.
Candace Johnson (Johnson), plaintiff below, appeals the trial court's award of attorney's fees to the defendants pursuant to section 768.79, Florida Statutes (1991). The defendants incurred these fees in defending a lawsuit brought by Johnson for injuries she sustained in an automobile accident on January 31, 1990. On January 5, 1994, the defendants sent Johnson an offer of judgment, which she rejected. A verdict of no liability was thereafter returned by a jury in favor of the defendants. Upon proper motion, the trial court awarded the defendants $43,317.50 in attorney's fees under section 768.79 and $53,627.61 in costs under section 57.041, Florida Statutes (1991). We affirm in part, and reverse in part.
Prior to October 1, 1990, the effective date of the 1990 amendments, section 768.79 required a judgment to be entered in favor of *1234 the plaintiff before the defendant could receive attorney's fees under the statute. Upon amendment, however, the statute allowed an attorney's fee to be awarded to the defendant when a no liability judgment was entered for the defense. Buchanan v. Allstate Ins. Co., 629 So.2d 991, 992 n. 1 (Fla. 1st DCA 1993). "[T]he version of section 768.79 in effect at the time the cause of action accrues is the version that should be applied in determining attorney-fee awards thereunder." Id. at 992 (relying on Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla. 1993)). Because Johnson's cause of action accrued prior to the effective date of the 1990 amendments and because a no liability judgment was entered in favor of the defendants, they are not entitled to an award of attorney's fees pursuant to section 768.79, Florida Statutes (1989).
Accordingly, we AFFIRM that part of the order awarding costs pursuant to section 57.041 and REVERSE that part of the order awarding attorney's fees and costs pursuant to section 768.79.
BOOTH and JOANOS, JJ., concur.