663 So.2d 1340 (1995)
Betty MARCUS and Robert P. Marcus, as Partners in the Axmar Investment Company d/b/a Art Investors International, Appellants,
v.
David S. MILLER and Raphael Wakefield, Appellees.
No. 94-1870.
District Court of Appeal of Florida, Fourth District.
October 18, 1995.
Rehearing Denied December 26, 1995.
*1341 Jack Scarola and Katherine A. Martinez of Searcy, Denney, Scarola, Barnhart & Shipley P.A., West Palm Beach, for appellants.
Brian B. Joslyn of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellees.
POLEN, Judge.
Betty and Robert P. Marcus, as partners in the Axmar Investment Company d/b/a Art Investors International (A.I.I.), appeal from a Judgment for Attorney's Fees and Costs entered in favor of the defendant/appellee, Raphael Wakefield. We affirm in part and reverse in part.
The appellants are in the business of buying, selling and appraising works of art. In approximately October of 1980, they hired David S. Miller as manager of A.I.I., and gave him control over various valuable works of art in order to carry out his responsibilities. Eventually, the appellants filed a suit against Miller which included counts for fraud, civil theft, conversion and violation of Florida's Racketeer Influenced and Corrupt Organization (RICO) Act. Appellee Wakefield, who shared a home with Miller, was also named as a defendant. In the conversion count, the appellants alleged that Miller and Wakefield together converted assets belonging to the appellants by submitting claims for reimbursement which were alleged to be business expenses, but were actually known by them to be personal expenses. In the civil theft count, the appellants alleged that Miller, with Wakefield's acquiescence, converted valuable works of art to their personal residence for their own use. This count also alleged that Miller, with Wakefield's knowledge, fraudulently submitted false claims for reimbursement, and that many of these claims resulted from Wakefield's attendance at a number of personal and social events, charged to the appellant without approval. Finally, in the RICO count, the appellants alleged that Miller and Wakefield comprise an association constituting a criminal enterprise within the meaning of section 772.102(3), Florida Statutes, and associated for the common purpose of defrauding and stealing from the appellants. They further alleged that there were multiple incidents of criminal activity during a two year period in which Wakefield acted in concert with Miller, which included converting various pieces of art work and submitting false invoices.
On November 6, 1991, Wakefield made a written offer of judgment pursuant to section 768.79, Florida Statutes (1990), in the amount of $200.00, which was rejected by the appellants. On May 7, 1993, Miller filed a voluntary petition for bankruptcy in the Southern District of Florida, followed by a suggestion of bankruptcy on May 24, 1993, which stayed the proceedings. On November 23, 1993, the appellants filed a notice of voluntary dismissal with prejudice of all claims against both Miller and Wakefield. The appellants contend that the voluntary dismissal was due to two of the plaintiffs, 92 year old Ziuta Akston[1] and her stroke impaired son-in-law Robert Marcus, becoming severely ill, and their physician directing them to refrain from giving a deposition or testimony in the future. In addition, the appellants contend *1342 that the voluntary dismissal was due to Miller's bankruptcy.
On December 23, 1993, Wakefield filed a Motion for Taxation of Attorneys Fees and Costs. The motion stated that it was pursuant to section 45.061, Florida Statutes, but the attached offer of judgment was pursuant to section 768.79. The motion was also pursuant to sections 772.104 (RICO Act) and 772.11 (Civil Theft). The court entered a judgment awarding fees to Wakefield based on all three statutes. We affirm the granting of the attorneys fees and costs awarded pursuant to sections 772.104 and 772.11, but reverse the award of fees pursuant to section 768.79.
Reversal is required as to the award of fees pursuant to section 768.79 because the trial court should have applied the version of the statute that existed prior to the 1990 amendment. The cause of action accrued before October 1990, which was when the amended version of the statute took effect. The pertinent portion of the pre-1990 version of 768.79 reads as follows:
In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorneys fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the courts shall set off such costs and attorney's fees against the award.
§ 768.79(1)(a), Fla. Stat. (1989) (emphasis added). By reversing at bar, we align ourselves with the other district courts of appeal that have recognized that the pre-1990 version of the statute applies to causes of action that accrued before October 1990. See Pickett v. Tequesta Dev. Co., 639 So.2d 1133 (Fla. 5th DCA 1994) (the preamended version of section 768.79 providing for an award of fees and costs against the plaintiff only where the plaintiff obtains a judgment against the defendant applies to the appellants since their cause of action accrued prior to the October 1, 1990, effective date); Brodose v. School Bd. of Pinellas County, Fla., 622 So.2d 513 (Fla. 2d DCA 1993) (1990 amendment does not apply where cause of action accrued in 1987); Johnson v. Fye, 654 So.2d 1233 (Fla. 1st DCA 1995) (because Johnson's cause of action accrued prior to the effective date of the 1990 amendments and because a no liability judgment was entered in favor of the defendants, they are not entitled to an award of attorney's fees pursuant to section 768.79). Accordingly, as there was no judgment entered in favor of the plaintiff at bar as required by the pre-1990 version of 768.79, we reverse the award of fees pursuant to this section. See Makar Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989) (wherein the court recognized that pursuant to 768.79 a judgment had to be entered in favor of the plaintiff for the defendant to recover attorney's fees, and noted that no judgment was entered for the plaintiff as the case was voluntarily dismissed and a voluntary dismissal is not a judgment on the merits).
However, at bar we nonetheless affirm the award of fees pursuant to sections 772.104 (RICO Act) and 772.11 (civil theft), Florida Statutes (1993), which both provide in pertinent part:
The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support.
(Emphasis added.) Although we might not have reached the same conclusion, we affirm, as we believe there is evidence in the record to support the following reasoning and conclusion of the trial court that there was a lack of factual support for the civil theft and RICO counts:
The second basis the civil theft and RICO is a very tough analysis, because there is not a lot of case law guiding on what does it really mean to be without factual or legal justification, or without basis, substantial basis.
It is clearly not 57.105. This would not be 57.105. I would not have awarded fees under 57.105. This is closer to a question whether this is without factual, substantial factual or legal basis. It's not the same *1343 thing as saying that a motion to dismiss was denied because allegations made were appropriate.
But looking at everything in the light most favorable to the Plaintiff, the Defendant at issue here lived with the other Defendant, had a very close personal and business relationship with the Defendant, and lived way beyond their means. And there were certain invoices, I guess, against his account that he signed that was reimbursed. There was no evidence that he submitted them, that he knew they were improperly submitted, that he participated in any way that would support a civil theft or a RICO claim that he participated in any theft. I mean, even at best he might have wondered how did we get all this money, but there really is nothing beyond that other than speculation that was developed in this case.
The case was dismissed with prejudice. I can't make any findings based on the evidence. There was no evidence why it was dismissed with prejudice. But it was and after three years.
In looking at the evidence in the best light, I can't find substantial fact or legal basis to support these particular claims of civil theft and RICO. So I will grant the Defendant's motion.
Our refusal to reweigh the trial court's findings is further supported by the fact that the trial court correctly noted that the "no substantial factual or legal support" standard is much less stringent than the "no justiciable issue of law or fact" standard of section 57.105. The evidence to support the trial court's conclusion that there was no substantial factual support for the civil theft and RICO claims against Wakefield include a letter attached to the appellants' complaint in which Miller admitted his wrongdoing but did not implicate Wakefield at all. Miller and Wakefield's affidavits in support of Wakefield's motion for summary judgment also support this conclusion. In addition, when asked by the trial court to proffer the facts that the appellants could establish, all counsel could point to is the close personal relationship between Miller and Wakefield, the existence of their joint bank accounts, that they lived beyond their means and that the appellant's art was allegedly seen in the home that they shared. In addition, Betty Marcus's deposition reflects that she had no independent knowledge of Wakefield's involvement, but that she just thought he was involved. As this record evidence supports the trial court decision that there was no substantial factual support, we find that the trial court did not abuse its discretion in awarding fees pursuant to sections 772.104 & 772.11, and affirm the fees awarded pursuant to these statutes.
AFFIRMED IN PART; REVERSED IN PART.
STEVENSON, J., and SCHAPIRO, SHELDON, Associate Judge, concur.
NOTES
[1] Akston was a named appellant until her death on October 22, 1994.