683 So.2d 584 (1996)
MX INVESTMENTS, INC., d/b/a Days Inn I-75, Appellant,
v.
William D. CRAWFORD and Joan F. Crawford, Appellees.
No. 95-4099.
District Court of Appeal of Florida, First District.
November 13, 1996.
Rehearing Denied December 19, 1996.
*585 Douglas A. Walker of Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Ocala, for Appellant.
Michael R.N. McDonnell, Naples, for Appellees.
BOOTH, Judge.
This appeal arises from an order of the lower court denying Appellant's motion for attorney fees under section 768.79, Florida Statutes. We affirm the lower court's decision and certify a conflict with the Second and Fourth District Courts of Appeal.
Appellees William and Joan Crawford filed a negligence suit against Appellant MX Investments, Inc., after William slipped and injured himself while taking a shower at a Days Inn Hotel owned by MX. MX denied liability and defended the suit. On June 1, 1994, and October 21, 1994, MX served offers of judgment pursuant to section 768.79, Florida Statutes, in the amounts of $1,000 and $15,000, respectively. Neither offer was accepted by Crawford. Approximately two weeks before trial, Crawford voluntarily dismissed his complaint against MX without prejudice. MX thereafter filed a motion for attorney fees, claiming entitlement under section 768.79. Crawford denied responsibility, arguing that fees were not assessable under the statute because he voluntarily dismissed his action. The lower court denied MX's motion, and this appeal followed.
We hold that our opinion in Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989), controls this case. In Makar, the plaintiff appealed an order of the lower court awarding attorney fees to the defendant under section 768.79(1)(a), Florida Statutes (1987), based on the plaintiff's voluntary dismissal. This court reversed, holding that an award of attorney fees under then current section 768.79 required the entry of judgment and, because no judgment had been entered following the plaintiff's one and only voluntary dismissal, no fees could be assessed against him.[1]Makar, 553 So.2d at 299 (a voluntary dismissal operates as a judgment on the merits only after a previous voluntary dismissal). The court concluded its opinion by stating, at 299:
Unless and until the Legislature amends the offer of judgment and settlement statutes to apply to voluntary dismissals, plaintiffs should be permitted to exercise their option to dismiss their cause at least once without being subjected to an assessment of attorney's fees.
In 1990, the Legislature rewrote section 768.79(1), Florida Statutes, to state:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by him or on his behalf pursuant to *586 a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
Laws 1990, c. 90-119, § 48 (eff. Oct. 1, 1990).[2] The Legislature also added the following subsection:
(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award.
The statute made clear that for purposes of the determination under paragraph (a):
[T]he term "judgment obtained" means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced.
These statutory amendments do not modify our prior holding in Makar. We construe the "voluntary and involuntary dismissal" language contained in subsection (b) to be no more than a procedural prerequisite for a determination of entitlement. Actual entitlement to fees under the amended statute still requires the entry of a judgment. See § 768.79(1) and § 768.79(6), Fla. Stat.; TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 612 (Fla.1995) ("[T]he right to an award [of attorney fees] turns only on the difference between the amount of a rejected offer and the amount of a later judgment.")(quoting Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993)). As stated in Schmidt and approved in TGI Friday's, subsections (1) and (6) "together create an entitlement which qualifies a party to an award of attorney's fees where the party has served an offer that is more or less than the ultimate judgment...." Schmidt, 629 So.2d at 1041 (italics in original, bold emphasis added). Because there was no judgment entered following the voluntary dismissal in this case, the plain language of section 768.79 precludes an award of attorney fees.
We note that the Second and Fourth District Courts have found to the contrary in Tampa Letter Carriers, Inc. v. Mack, 649 So.2d 890 (Fla. 2d DCA 1995)(holding that the addition of the term "voluntary dismissal" in subsection (6) allows attorney fees when a plaintiff voluntarily dismisses his suit, with or without prejudice), and Special's Trading Co. v. International Consumer Corp., 679 So.2d 369 (Fla. 4th DCA 1996)(following Tampa Letter Carriers, supra). We therefore certify conflict with those decisions.
AFFIRMED.
WOLF and BENTON, JJ., concur.
NOTES
[1] Subsection (1)(a) stated:

In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
[2] This amendment appears to have been prompted, at least in part, by cases interpreting the old statute as precluding defendants from obtaining attorney fees on a judgment of "no liability." See Johnson v. Fye, 654 So.2d 1233 (Fla. 1st DCA 1995); Brodose v. School Bd. of Pinellas County, 622 So.2d 513 (Fla. 2d DCA 1993).