PER CURIAM.
REVERSED. See MX Investments, Inc. v. Crawford, 683 So.2d 584 (Fla. 1st DCA 1996); Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989).
BOOTH, JOANOS and WOLF, JJ., concur.
ON MOTION FOR CERTIFICATION
PER CURIAM.
We reversed the award of attorney’s fees in this cause, pursuant to our decisions in MX Investments, Inc. v. Crawford, 683 So.2d 584 (Fla. 1st DCA 1996), and Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989). In her motion for certification, appellee requests that we certify that our decision conflicts with decisions of the Second and Fourth District Courts of Appeal in accordance with the conflict certification in MX Investments. We grant the motion for certification.
Accordingly, we certify that the court’s decisions in the instant case and in MX Investments, Inc. v. Crawford, 683 So.2d 584 (Fla. 1st DCA 1996), conflict with the decision of the Second District Court of Appeal in Tampa Letter Carriers, Inc. v. Mack, 649 So.2d 890 (Fla. 2d DCA 1995), and of the Fourth District Court of Appeal in Special’s Trading Co. v. International Consumer Corp., 679 So. 2d 369 (Fla. 4th DCA 1996), on the issue of defendant’s entitlement to an award of an attorney’s fee pursuant to section 768.79, Florida Statutes, after the plaintiff voluntarily dismisses the complaint.
BOOTH, JOANOS and WOLF, JJ., concur.