700 So.2d 640 (1997)
MX INVESTMENTS, INC., d/b/a Days Inn I-75, Petitioner,
v.
William D. CRAWFORD and Joan F. Crawford, Respondents.
No. 89623.
Supreme Court of Florida.
September 4, 1997.
Rehearing Denied October 21, 1997.
*641 Francis J. Carroll of Boehm, Brown, Seacrest, Fischer & Lefever, P.A., Daytona Beach, for petitioner.
Michael R.N. McDonnell of McDonnell Trial Lawyers, Naples, for respondents.
WELLS, Justice.
We have for review MX Investments, Inc. v. Crawford, 683 So.2d 584 (Fla. 1st DCA 1996), based on certified conflict with Tampa Letter Carriers, Inc. v. Mack, 649 So.2d 890 (Fla. 2d DCA 1995), and Special's Trading Co. v. International Consumer Corp., 679 So.2d 369 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
William and Joan Crawford (the Crawfords) filed suit against MX Investments (MX) for injuries William Crawford suffered in a slip-and-fall accident at a Days Inn hotel owned by MX. MX denied liability. Subsequently, MX served two offers of judgment on the Crawfords. After being served with the offers of judgment but before trial, the Crawfords voluntarily dismissed their complaint without prejudice. MX then filed a motion to assess attorney fees and tax costs pursuant to section 768.79, Florida Statutes (1991), and Florida Rule of Civil Procedure 1.420(d) (1991). The trial court denied the motion.
On appeal, the district court affirmed. MX Investments, 683 So.2d at 586. The court held that an entitlement to attorney fees pursuant to section 768.79, Florida Statutes (1991), requires the entry of a judgment. Id. Judge Booth's opinion provides:
In 1990, the Legislature rewrote section 768.79(1), Florida Statutes, to state:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by him or on his behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
Laws 1990, c. 90-119, § 48 (eff. Oct. 1, 1990). The legislature also added the following subsection:
(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off *642 such costs [and] attorney's fees against the award.
The statute made clear that for purposes of the determination under paragraph (a):
[T]he term "judgment obtained" means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any post-offer settlement amounts by which the verdict was reduced.
These statutory amendments do not modify our prior holding in Makar [v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989)]. We construe the "voluntary and involuntary dismissal" language contained in subsection [(6)] to be no more than a procedural prerequisite for a determination of entitlement. Actual entitlement to fees under the amended statute still requires the entry of a judgment. As stated in Schmidt [v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993)] and approved in TGI Friday's [, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995)], subsections (1) and (6) "together create an entitlement which qualifies a party to an award of attorney's fees where a party has served an offer that is more or less than the ultimate judgment...." Schmidt, 629 So.2d at 1041. Because there was no judgment entered following the voluntary dismissal in this case, the plain language of section 768.79 precludes an award of attorney fees.
MX Investments, 683 So.2d at 585-586 (citations and footnotes omitted). We approve the district court's decision. However, we do so because the dismissal of the complaint was without prejudice and not because there was no judgment entered. We conclude that section 768.79, Florida Statutes (1991), does not provide a basis for the award of attorney fees and costs unless a dismissal is with prejudice.[1]
We construe the terms "voluntary dismissal" and "involuntary dismissal" in section 768.79(6), Florida Statutes (1991), to mean a dismissal with prejudice so that the dismissal is the basis for a judgment of no liability as contemplated in section 768.79(1), Florida Statutes (1991). Thus, only when a plaintiff's voluntarily dismissal is with prejudice or is a second voluntary dismissal is the defendant entitled to attorney fees in accord with section 768.79, Florida Statutes (1991).
We do not agree with MX's contention that entitlement exists based on the definition given to the term "judgment" in section 768.79(6)(b), Florida Statutes (1991).[2] MX argues that the costs imposed under Florida Rule of Civil Procedure 1.420(d) fall within the definition of judgment. We find that rule 1.420(d) simply specifies a cost judgment and plainly has nothing to do with whether the dismissal is with or without prejudice. The definition in section 768.79(6)(b), Florida Statutes (1991), merely identifies what is to be used as the total amount for purposes of determining whether attorney fees are to be awarded under the statute and accordingly has nothing to do with whether the dismissal is with or without prejudice.
In sum, we conclude that to be entitled to an award of attorney fees under section 768.79, Florida Statutes (1991), there must be a dismissal with prejudice of the cause of action.
Accordingly, we approve the decision below and disapprove Tampa Letter Carriers and Special's Trading Co. to the extent that they conflict with this decision.
It is so ordered.
*643 KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.420(a)(1), provides in pertinent part:

Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
[2] Section 768.79(6)(b), Florida Statutes (1991), provides in pertinent part:

[T]he term "judgment obtained" means the amount of the net judgment entered, plus any post-offer collateral source payments received or due as of the date of the judgment, plus any post-offer settlement amounts by which the verdict was reduced.