THREADGILL, Acting Chief Judge.
In this personal injury action, the appellants, Sherry and John Hornaday, challenge two separate orders which, pursuant to the voluntary dismissal of this lawsuit, respectively award fees and costs to the co-representatives of the estate of David Zurit and to Allstate Insurance Company, the appellees herein. We reverse in part and affirm in part.
In May 1995, the Hornadays filed suit against the appellees for personal injuries they sustained in an automobile accident that occurred in May 1994. Allstate was named as a defendant in the suit, because it was Mr. Hornaday’s uninsured motorist carrier at the time of the subject accident. The Hornadays voluntarily dismissed this suit in February 1997, but refiled it in June 1997. In the interim, however, the co-representatives of David Zurit’s estate and Allstate filed separate motions under section 768.79, Florida Statutes (1995), the offer of judgment statute, for fees and costs relating to the dismissed action. The co-representatives also sought the imposition of costs under Florida Rule of Civil Procedure 1.420, and both the co-representatives and Allstate independently requested a stay of the Hornadays’ refiled action, pending the payment of the fees and costs in this suit.
On August 15,1997, the trial court entered an order granting Allstate fees and costs with respect to the dismissed action. The order also stayed the Hornadays’ refiled action, pending the payment of such fees and costs. On August 26, 1997, the trial court entered a similar order granting the co-representatives fees and costs. The Horndays timely appealed both orders.
The Hornadays contend that MX Investments, Inc. v. Crawford, 700 So.2d 640 (Fla.1997), which was decided during the pen-dency of this appeal, requires a reversal of both orders, because they improperly assess fees under section 768.79, for an action that was voluntarily dismissed without prejudice. The co-representatives and Allstate correctly concede that MX mandates a reversal of any fees imposed under section 768.79. We therefore reverse those portions of the subject orders, which award fees pursuant to that statutory provision. Florida Rule of Civil Procedure 1.420, however, provides that costs in a voluntarily dismissed action must be assessed and that the action, if refiled, must be stayed pending the payment of costs relating to the dismissed suit. For that reason, we affirm those portions of the instant orders that assess costs and require their payment before the refiled action can proceed.
Affirmed in part, reversed in part.
CASANUEVA, J., and YOUNG, ROBERT A., Associate Judge, Concur.