PER CURIAM.
In this consolidated case, Scherer Construction & Engineering of Central Florida, LLC (Scherer) appeals both the Final Judgment on Fees and the separate Final Judgment on Costs. It argues (1) the trial court erred in awarding attorney’s fees and costs pursuant to a proposal for settlement filed by the third-party defendant below, appellee The Scott Partnership Architecture, Inc. (TSPA); and (2) the trial court erred in awarding TSPA costs as the prevailing party where Scherer had voluntarily dismissed one of two counts before any determination of liability had been reached. Because attorney’s fees for the defense of a claim voluntarily dismissed without prejudice are not recoverable pursuant to section 768.79, Florida Statutes (2013), we reverse that portion of the Final Judgment on Fees awarding fees relative to the voluntarily dismissed indemnification count. We affirm the remainder of the two judgments in all other respects.
Scherer filed a two-count complaint against TSPA as a third-party defendant alleging counts for contribution and indemnification.[1] TSPA filed and served a proposal for settlement on Scherer. The time expired for acceptance of the proposal for settlement. Thereafter, the trial court granted a motion for summary judgment filed by TSPA, concluding that the alleged cause of action for contribution was barred. Scherer subsequently filed a Notice of Voluntary Dismissal that effectively dismissed the remaining claim for indemnification. The dismissal was without prejudice. Thereafter, the trial court rendered the judgments for fees and costs under review.
*530 Because the indemnification count was voluntarily dismissed by Scherer without prejudice, it was improper for the trial court to render judgment awarding attorney’s fees in favor of TSPA for its defense of the dismissed count for indemnification. As this court explained in Ormond Beach Associates Ltd. v. Citation Mortgage, Ltd., 835 So..2d 292, 296-97 (Fla. 5th DCA 2002), review denied, 847 So.2d 978 (Fla.2003):
Our supreme court has ruled that, upon voluntary dismissal of an action without prejudice, statutory offer of judgment attorney’s fees are not recoverable. See MX Investments, Inc. v. Crawford, 700 So.2d 640 (Fla.1997) (holding that offer of judgment statute does not provide a basis for an award of attorney fees and costs unless dismissal is with prejudice). Thus, once the trial court recognized Citation Mortgage’s notice of voluntary dismissal without prejudice, Ormond Beach lost its right to request recovery of such fees. To hold otherwise would preclude the filing of a voluntary dismissal in all cases in which a defendant had filed an offer of judgment.
See also MX Invs., Inc. v. Crawford, 700 So.2d 640, 642 (Fla.1997) (“We conclude that section 768.79, Florida Statutes (1991), does not provide a basis for the award of attorney fees and costs unless a dismissal is with prejudice.”); Smith v. Loews Miami Beach Hotel Operating Co., Inc., 35 So.3d 101 (Fla. 3d DCA 2010) (holding defendant not entitled to fees under offer of judgment statute because plaintiff had filed voluntary dismissal without prejudice, which did not operate as an adjudication on the merits); Commonwealth Prop. Assocs., Inc. v. SunTrust Bank, Sw. Fla., 835 So.2d 1175 (Fla. 2d DCA 2002) (same); Ass’n Emp’rs Ins. Co. v. Am. Excavating & PSI, Inc., 701 So.2d 110, 110 (Fla. 5th DCA 1997) (“[N]o entitlement to attorney’s fees arises under section 768.79 unless the case is dismissed with prejudice.”), review denied, 717 So.2d 536 (Fla.1998).[2] Although the cited case law discusses the impact of the voluntary dismissal of an entire case, the analysis is equally applicable where, as here, the voluntary dismissal was as to one of two claims.
Accordingly, we reverse that part of the final judgment awarding attorney’s fees against Scherer for TSPA’s defense of the voluntarily dismissed claim for indemnification. We affirm that part of the judgment awarding fees for the defense of the contribution count, and we affirm the judgment awarding costs.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA, ORFINGER, and BERGER, JJ., concur.

. There is no evidence in the record of any contract between Scherer and TPSA that would support an award of fees.

. The voluntary dismissal of the indemnity claim deprived the court of jurisdiction to enter Final Judgment on the indemnity claim. Randle-E. Ambulance Serv., Inc. v. Vasta, 360 So.2d 68, 69 (Fla.1978) ("The right to dismiss one's own lawsuit during the course of trial is guaranteed by Rule 1.420(a), endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve. The effect is to remove completely from the court’s consideration the power to enter an order, equivalent in all respects to a deprivation of 'jurisdiction'.”). Accordingly, the entry of the Final Judgment, insofar as it could be read as entry of judgment on the indemnity claim, was a nullity and cannot be used to support any argument that TSPA prevailed on the merits of the indemnity claim for purposes of section 768.79.