[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11288

Non-Argument Calendar

_____

CODEVENTURES, LLC,
a Florida limited liability company,

                                            Plaintiff-Appellant,

*versus*

VITAL MOTION INC.,
a Delaware corporation
DAVID A. LOVENHEIM,
an individual,

                                            Defendants,

2                        Opinion of the Court                        22-11288

JAY M. EASTMAN,
an individual,
CHRISTIAN TVETENSTRAND,
an individual,
TERRY BRADLEY, as surviving spouse and
representative of David A. Lovenheim,
ERIK HIESTER,
an individual,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-21574-FAM

_____

Before JORDAN, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

        CodeVentures, LLC appeals from the district court's order
awarding attorney fees in favor of David Lovenheim, Jay Eastman,
Christian Tvetenstrand, Erik Hiester, and Terry Bradley

(collectively, the "O&D Defendants"),[1] who are former officers and directors of Vital Motion, Inc., a Delaware corporation that borrowed $100,000 from CodeVentures and failed to repay the note. In the underlying complaint, CodeVentures sued Vital for breach of the note (Count I) and sued Vital and the O&D Defendants on several tort claims, including that they had fraudulently induced CodeVentures to sign the note (Count II), had aided and abetted fraud (Count III), and had conspired to defraud (Count IV) (collectively, the "Tort Claims"). Several months after the suit was filed, the O&D Defendants served a Proposal for Settlement ("PFS") on CodeVentures, seeking to settle the Tort Claims for $100.00, an amount to be apportioned equally among the O&D Defendants. CodeVentures did not accept the proposal. Thereafter, the district court dismissed two counts against all the defendants (Counts III and IV), dismissed one count against all but Vital and Lovenheim (Count II), granted summary judgment in favor of CodeVentures on the count against Vital (Count I), and granted CodeVentures' voluntary motion to dismiss without prejudice the remaining count against Vital and Lovenheim (Count II).

The court then awarded $16,754.60 in attorney fees to the O&D Defendants pursuant to Fla. Stat. § 768.70, which authorizes the award of reasonable attorney fees to a party whose statutory

---

[1] Upon the filing of a suggestion of death of David Lovenheim, our Court granted the motion to substitute Terry Bradley, Lovenheim's surviving spouse and personal representative, for Lovenheim in this appeal.

settlement proposal is rejected by an opposing party and that party ultimately achieves a significantly less favorable result than what was offered. On appeal, CodeVentures argues that the district court erred in awarding attorney fees to the O&D Defendants because CodeVentures' voluntary dismissal of Lovenheim made it impossible for the O&D Defendants to meet the "favorability" requirement of the Florida statute. After careful review, we affirm.

## I.

We review *de novo* a district court's interpretation of a state law like Florida's offer-of-judgment statute. *See McMahan v. Toto*, 311 F.3d 1077, 1081 (11th Cir. 2002). We review only for abuse of discretion the amount of attorney fees awarded by the district court. *Id.* at 1084.

## II.

Here, the O&D Defendants sought attorney fees under Florida's offer-of-judgment statute, which provides:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of no liability . . . . If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than

the offer, [the plaintiff] shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. . . .

(2) . . . .  An offer must:

(a) Be in writing and state that it is being made pursuant to this section.

(b) Name the party making it and the party to whom it is being made.

(c) State with particularity the amount offered to settle a claim for punitive damages, if any.

(d) State its total amount.

The offer shall be construed as including all damages which may be awarded in a final judgment.

Fla. Stat. § 768.79(1)–(2).[2]

In *MX Investments, Inc. v. Crawford*, 700 So. 2d 640 (Fla. 1997), the Florida Supreme Court concluded that to be entitled to an award of attorney fees under § 768.79 based on a dismissal of the case, the dismissal must be with prejudice. *Id.* at 642.  In explaining what constitutes a dismissal with prejudice, the court made it clear that for purposes of the offer-of-judgment statute, the dismissal must represent a judgment of no liability. *Id.*  Thus, an involuntary

---

[2] We've deemed § 768.79 to be substantive for *Erie* purposes and, therefore, it is applicable to this case. *See McMahan*, 311 F.3d at 1080.

dismissal, a dismissal with prejudice, and a second voluntary dismissal (which serves as adjudication on the merits pursuant to Florida Rule of Civil Procedure 1.420(a)(1)) all qualify as a basis of an award of attorney fees under § 768.79. *Smith v. Loews Miami Beach Hotel Operating Co.*, 35 So. 3d 101, 103 (Fla. 3d DCA 2010).

Then, in *Scherer Construction & Engingeering of Central Florida, LLC v. Scott Partnership Architecture, Inc.*, 151 So. 3d 528 (Fla. 5th DCA 2014), a Florida appellate court examined whether the trial court properly awarded fees in connection with both counts of a two-count complaint. *Id.* at 529. There, after the defendant had served a PFS on the plaintiff, the court granted summary judgment in favor of the defendant on one count and the plaintiff voluntarily dismissed without prejudice the second count. The appellate court said it was improper for the trial court to award fees on only the count that was voluntarily dismissed. *Id.* at 530. Importantly, however, the court affirmed the award of fees for the count on which the defendant prevailed. *Id.*

Here, the district court relied on *Scherer*'s holding that a court may issue an award of fees even if the party seeking costs does not meet § 768.79's favorability requirement on *all* counts. We agree that *Scherer* applies squarely to this case. Just as in *Scherer*, nearly all of the counts against the O&D Defendants were adjudicated on the merits, but a remaining count was voluntarily dismissed. So, under the prevailing Florida caselaw, the district court was authorized to award fees to the O&D Defendants for the counts that were adjudicated on the merits. This situation stands

in contrast to those in *MX Investments* and *Smith*, the cases CodeVentures relies on.  Both of those cases involved voluntary dismissals of the *entire* action, and there was no adjudication on the merits on any claim.  *See Smith*, 35 So. 3d at 101–03 (holding that the defendant not entitled to fees under the offer of judgment statute because the plaintiff had filed for a voluntary dismissal without prejudice, which did not operate as an adjudication on the merits); *MX Invs.*, 700 So. 2d at 641 (same).

CodeVentures argues that *Scherer* is unhelpful because it did not explain *why* a party could be awarded fees if it did not win on all counts.  151 So. 3d at 529–30 (holding that "we affirm that part of the judgment awarding fees for the defense of the contribution count," the count on which the court had granted summary judgment in favor of the defendant).  According to CodeVentures, *Scherer*'s holding "encourage[s] the continuation of litigation when a plaintiff has already achieved substantial success -- contrary to the goals of any system of justice, such as efficiency and proper judicial administration."  The O&D Defendants, relying on the district court's reasoning, counter that if CodeVentures' position were to prevail, "a party could strategically avoid § 768.79's fee-shifting provision by including claims that have minimal potential reward and voluntarily dismissing them if other claims are resolved in the opposing party's favor."

However, we need not enter into this policy debate.  "A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts" -- absent some persuasive

indication that the state's highest court would decide the issue otherwise -- "whether or not the court agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983). *Scherer* has not been overruled by the Florida Supreme Court and there is no indication that the Florida Supreme Court would decide the issue differently. Thus, we are bound by *Scherer* even if we are unimpressed by, or even disagree with its reasoning.

CodeVentures further posits that *Scherer* is no longer good law because in 2013, the Florida Supreme Court amended the governing Florida rule to require that "a proposal for settlement must resolve all claims between the proponent and the party to whom the proposal is made . . . ." *In re Amendments to the Fla. Rules of Civil Procedure*, 131 So. 3d 643, 648 (Fla. 2013) (amending Rule 1.442(c)(2)(B) to add quoted language). But neither this case nor *Scherer* involve partial proposals for settlement. The O&D Defendants' PFS was not directed to one or some claims but not others, but rather to "all claims for affirmative relief by CodeVentures against the [O&D] Defendants . . . ." As we see it, because the PFSs in both this case and *Scherer* sought to resolve all claims between the parties, the 2013 amendments have no effect on *Scherer*'s holding or how it applies here.

CodeVentures also mentions in passing that the O&D Defendants' PFS was an invalid "all-or-nothing" offer. But it cites nothing for this proposition. In *Attorneys' Title Insurance Fund,*

*Inc. v. Gorka*, 36 So. 3d 646 (Fla. 2010), the court addressed the standard when there is a PFS made to multiple offerees, not when there is a PFS made by multiple offerors. *Id.* at 649 ("The issue presented by the conflicting decisions is whether a joint offer of settlement or judgment that is conditioned on the mutual acceptance of all of the joint offerees is valid and enforceable."). In the PFS at issue in this case, the offer was made only to one party, CodeVentures, by the five O&D Defendants. CodeVentures has not explained why this kind of PFS -- unlike the one in *Attorneys' Title* -- was improper under Florida law. Rather, Florida law only seems to say that where there is a PFS made by multiple offerors, the PFS must state the amount attributable to each individual offeror. *See Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015) ("This Court has held that subdivision (c)(3) of rule 1.442, which requires a joint proposal to state the amount and terms attributable to each offeror or offeree, must be strictly construed because it, as well as the offer of judgment statute, is in derogation of the common law rule that each party is responsible for its own fees."). The O&D Defendants' PFS provided that "[t]his amount of this joint PFS and its terms are apportioned equally among the [O&D] Defendants." (emphasis added). Thus, the O&D Defendants' PFS met this requirement.

Finally, CodeVentures argues that the error in allowing the O&D Defendants to recover fees for the counts that were adjudicated on the merits was made clear when the O&D Defendants argued that the claims raised by Codeventures were "intertwined" so they were entitled to the full fees expended on the case. As the

record reflects, the district court agreed that the claims and the resultant fees were intertwined based on the O&D Defendants' explanation that "[e]ach of the three counts is based on the allegation that the [O&D] Defendants fraudulently induced CodeVentures to make the bridge loan, or had knowledge of and approved the fraudulent inducement . . . . [and] CodeVentures expressly re-alleged the same factual allegations (paragraphs 1 – 53) in support of each of the Tort Claims." CodeVentures does not appear to dispute that the claims were inextricably intertwined; rather it appears to be saying, without citing any support under Florida law, that Vital or someone else should have paid the full amount of fees instead.

Accordingly, we affirm the district court's award of attorney fees in favor of the O&D Defendants.

**AFFIRMED.**