# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-121
LT Case No. 2018-CA-5658

_____

SEJAL KUTHIALA, M.D.,

    Appellant,

    v.

DAVID M. GOLDMAN and BETH
MAYERS GOLDMAN,

    Appellees.

_____


On appeal from the Circuit Court for Duval County.
Gilbert L. Feltel, Jr., Judge.

M. Scott Thomas, of Burr & Forman, LLP, Jacksonville, for
Appellant.

Douglas Bradford Hughes, of Cobb & Gonzalez, P.A., Jacksonville,
for Appellees.


September 15, 2023


WALLIS, J.

    Sejal Kuthiala (Appellant) appeals an order denying her motion for attorney's fees filed pursuant to section 768.79, Florida Statutes (2022). We reverse.

This case began when David M. Goldman and Beth Mayers Goldman (Appellees) filed a three-count complaint against Appellant. During the litigation, Appellant served proposals for settlement on both Appellees pursuant to section 768.79. Appellees did not respond to either proposal.

The trial court granted Appellant's summary judgment motion on the first and third counts of the complaint, and denied the motion on the second count of the complaint. After the court ruled on the motions for summary judgment, Appellees filed a notice of voluntary dismissal without prejudice of their case against Appellant.

Thereafter, Appellant filed a motion to tax costs and attorney's fees based on Appellees' rejection of her proposals for settlement. The trial court ultimately denied Appellant's request for attorney's fees, finding that granting the motion "would be inconsistent with binding authority."[1]

On appeal, Appellant acknowledges that *MX Investments v. Crawford*, 700 So. 2d 640, 641–42 (Fla. 1997), held that a dismissal without prejudice does not support an award of attorneys' fees under section 768.79. She argues, however, that *MX Investments* is distinguishable from this case because, here, there was an adjudication on the merits on counts one and three. Instead, Appellant argues that this Court's decision in *Scherer Construction & Engineering of Central Florida, LLC v. Scott Partnership Architecture, Inc.*, 151 So. 3d 528 (Fla. 5th DCA 2014), is controlling and requires reversal of the order denying her request for attorney's fees.

In *Scherer*, our court held that attorney's fees were not awardable under section 768.79 for a claim that was voluntarily dismissed. 151 So. 3d at 530. However, the *Scherer* court affirmed the portion of the trial court's order that awarded attorney's fees under section 768.79 on the claim on which the trial court had entered summary judgment in favor of the defendant. *Id.; see also*

---

[1] The order granted Appellant's request for costs and ordered that Appellees pay Appellant $2,207.38 in costs.

*CodeVentures, LLC v. Vital Motion Inc.*, No. 22-11288, 2023 WL 2644173 (11th Cir. Mar. 27, 2023) (following *Scherer*).

We agree with Appellant that *MX Investments* is factually distinguishable from the instant case because there the plaintiffs voluntarily dismissed the entire action and none of the claims were adjudicated on the merits. We likewise agree that the facts in this case are identical to those in *Scherer*, which controls the outcome of this case. Therefore, based on *Scherer*, we reverse the order denying Appellant's motion to tax costs and attorney's fees and remand for entry of an order awarding attorney's fees to Appellant on counts one and three of her complaint.

REVERSED and REMANDED with instructions.

MAKAR and MACIVER, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____