665 So.2d 1138 (1996)
Martha HARRISON, Appellant,
v.
LA PLACIDA COMMUNITY ASSOCIATION, INC., etc., et al., and American Reliance Insurance Company, Appellees.
No. 95-0583.
District Court of Appeal of Florida, Fourth District.
January 10, 1996.
*1139 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., and James H. Wakefield of James H. Wakefield & Associates, P.A., Fort Lauderdale, for appellant.
Kenneth D. Cooper of Kenneth D. Cooper, P.A., Fort Lauderdale, for appellees  Carol Lynch and Sheila Babaganov.
PARIENTE, Judge.
Defendant Martha Harrison appeals from an order vacating a final order which had dismissed her from the lawsuit. We reverse because Florida Rules of Civil Procedure 1.540 cannot be used to reinstate a cause of action against a defendant who was dismissed based on an apparent mistake of law.
The procedural history of this case is quite convoluted and the record before us contains few pleadings. This lawsuit was originally brought by plaintiff, La Placida Community Association, Inc. (association), against American Reliance Insurance Company (insurer) to recover damages pursuant to an officer and director's liability policy resulting from the failure of the association's former president to file foreclosure actions against unit owners for unpaid maintenance charges. By its second amended complaint, the association added the former president, Martha Harrison, as a party defendant. Two of the association's current officers, Carol Lynch, as president, and Sheila Babaganov, as treasurer, were named as party plaintiffs, although the second *1140 amended complaint did not claim damages individually on their behalf.
Subsequently, Harrison filed a third-party complaint against the association's lawyer, Kenneth Cooper, for legal malpractice and indemnification. She asserted that, as the association's counsel, Cooper was responsible for initiating any litigation which should have been brought by the association with regard to the delinquent charges. It should be noted that Cooper also represented all of the plaintiffs in this present lawsuit. As a result, Cooper was placed in the unenviable position of being both attorney for plaintiffs as well as a third-party defendant.[1]
In August 1993, the trial court granted Harrison's ore tenus motion dismissing her as a defendant in the original lawsuit and Cooper's motion to dismiss the third-party complaint against him. The order of dismissal, entered in August of 1993, reflects only that the ore tenus motion to dismiss was granted with each party to bear its own costs. Cooper claims that this dismissal was occasioned by a representation of insurer's attorney that Harrison was not a necessary party to the lawsuit.[2] We do not have a transcript of the August 1993 hearing. However, at the subsequent hearing on the motion to vacate, Cooper did not contest the representation of Harrison's attorney that "Mr. Cooper then decided that he didn't need defendant Harrison" which led to Harrison's ore tenus motion to dismiss.
Nevertheless, at trial in March 1994, insurer apparently took the position that one or more of the directors would be an indispensable party and that the trial could not proceed solely against insurer. The trial court agreed with this position. Faced with this predicament, plaintiffs immediately filed a rule 1.540 motion to vacate the earlier order dismissing Harrison as a defendant. Plaintiffs claimed that they had been misled by insurer into dismissing Harrison from the suit, and that at trial insurer "took a contrary position and stated that Harrison needed to be back in the suit."
Prior to any hearing on the motion to vacate, the association settled its claim against insurer and Harrison with mutual releases being signed. A review of the releases indicates the clear intent of the parties to resolve all pending claims. The association, its insurer and Harrison submitted a joint stipulation for dismissal with prejudice. Pursuant to this joint stipulation, in November 1994 the trial court entered a final order of dismissal with prejudice, dismissing the association's action against defendants. The order also provided that the association would hold defendants harmless from all claims arising out of the occurrence.
However, in January 1995, Cooper, acting on behalf of the individual plaintiffs, Lynch and Babaganov, set a hearing on plaintiffs' previously-filed motion to vacate the August 1993 order dismissing Harrison from the suit.[3] Harrison took the position that the litigation had terminated with the settlement and dismissal in November 1994, thus mooting the previously-filed motion to vacate. The trial court, in granting the motion to vacate, apparently did so because the parties' positions had changed as to whether Harrison was a necessary party. At the hearing, the trial court expressed its frustration as to what had occurred:
I relied on everybody else's statements to put her [Harrison] in, to take her out, that the corporation was the right one, trying to let the corporation in, and all of a sudden everybody comes in to trial and says they can't try it.
The trial court then vacated the August 1993 order dismissing Harrison from the lawsuit, without similarly vacating the November 1994 final order of dismissal with prejudice. Implicit in the court's decision is a determination *1141 that the November 1994 final order did not operate to dismiss the claims of the individual plaintiffs.
From a review of the allegations of the second amended complaint, the release, the joint stipulation of the dismissal signed on behalf of the association, and the final order of dismissal, we fail to see how the individual plaintiffs had any viable claim apart from that of the association. Nonetheless, we need not decide the issue of whether the November 1994 final order of dismissal operated as a dismissal of the claims of the individual plaintiffs, as well as the association, because in any event the August 1993 order constituted a final order of dismissal as to Harrison. This order was not simply an interlocutory order subject to review by the trial court or subject to being vacated eighteen months later. Once Harrison was dismissed, the trial court no longer had jurisdiction over her. See Federal Ins. Co. v. Fatolitis, 478 So.2d 106 (Fla. 2d DCA 1985).
Plaintiffs Lynch and Babaganov's attempt to utilize rule 1.540 to vacate this prior order of dismissal is without merit. The fact that Cooper, as counsel for plaintiffs, may have agreed to the dismissal of Harrison under the belief that she was not a necessary party or that the trial court may have relied on the parties' representations in dismissing Harrison does not constitute a legal basis for granting relief pursuant to rule 1.540. Contrary to the plaintiffs' assertion in their motion to vacate, there is no case law which states that a trial court may vacate an order of dismissal upon a finding that its decision was erroneous. The case law stands for the opposite proposition.
A mistaken view of the law is considered to be judicial error not remediable by rule 1.540. Eastern Ceiling and Supply Corp., Inc. v. Powerhouse Insulation, Inc., 589 So.2d 383, 385 (Fla. 4th DCA 1991). In Curbelo v. Ullman, 571 So.2d 443, 444 (Fla. 1990), our supreme court, adopting the reasoning set forth by this court in Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492, 493 (Fla. 4th DCA 1975), held that rule 1.540 was never intended and should not be utilized as "a substitute for appellate review of judicial error." A trial court is restricted in vacating a final judgment or final order of dismissal to the narrow grounds set forth in rule 1.540. Curbelo; Eastern Ceiling.
Rule 1.540(a) applies only to correct clerical mistakes and errors from oversight or omission, and thus is not applicable in this case. See McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980). Further, the trial court is not empowered by rule 1.540(b)[4] to revisit a final judgment or final order dismissing a party to correct errors of law. Curbelo; Eastern Ceiling.
Even if the decision to dismiss Harrison may have resulted from representations that Harrison was not a necessary party, which later proved to be incorrect, reliance by either plaintiffs or the trial court on a nonfraudulent misrepresentation is not grounds for relief under rule 1.540(b). See Eastern Ceiling. Any other interpretation of rule 1.540(b) would potentially convert the rule into an indirect mechanism for appellate review long after the time for appeal had passed. Thus, whether an error in dismissing Harrison was made by the trial court and acquiesced to by plaintiff's counsel based on representations of counsel, or the result of a strategic decision by plaintiff's counsel, the order of dismissal was a purposeful decision not subject to being vacated pursuant to rule 1.540. See Pompano Atlantis Condominium Ass'n v. Merlino, 415 So.2d 153, 154 (Fla. 4th DCA 1982); In re Estate of Beeman, 391 So.2d 276, 281 (Fla. 4th DCA 1980).
REVERSED.
FARMER and SHAHOOD, JJ., concur.
NOTES
[1] We note, but do not express any opinion about the conflict of interest which arose once Cooper was named as a third-party defendant. That issue is not before us.
[2] In her brief Harrison asserts that Cooper dropped Harrison as a defendant in exchange for Harrison dropping her malpractice claim against him. The record does not reflect this agreement, but the contention is substantiated by the fact that orders dismissing Harrison and Cooper were entered on the same day.
[3] Cooper no longer represented the association, having previously withdrawn from representation citing "irreconcilable differences."
[4] The motion to vacate refers to rule 1.540(5) which does not exist. If the reference is to rule 1.540(b)(5), that provision is not applicable to these facts.