720 So.2d 1163 (1998)
Laurel L. GAMMIE, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 98-1008.
District Court of Appeal of Florida, Third District.
November 25, 1998.
Feinstein & Sorota and Alan M. Sorota, Miami, for appellant.
Stephen C. Shenkman, Miami, for appellee.
Before COPE, GREEN and FLETCHER, JJ.
FLETCHER, J.
Laurel L. Gammie, the defendant in a subrogation case filed by State Farm Mutual Automobile Insurance Company [State Farm], appeals the denial of her motion for attorney's fees pursuant to section 768.79, Florida Statutes (1991). Gammie filed her motion for fees after State Farm voluntarily dismissed without prejudice its complaint against her without accepting the offer of judgment she submitted in the case. Although the voluntary dismissal was taken by State Farm without prejudice, Gammie contends that she was nevertheless entitled to an award of statutory attorney's fees because the dismissal was taken after the statute of limitations period had run on State Farm's claim against her. Under these circumstances, Gammie asserts that the dismissal, even though technically without prejudice, because of the potential time-bar defense to a second action, effectively operated as a judgment of no liability on the claim as required for recovery of fees by a defendant whose offer of judgment is rejected. See MX Invs., Inc. v. Crawford, 700 So.2d 640 (Fla.1997).
We cannot agree with Gammie's contentions on appeal under our reading of section 768.79, Florida Statutes and MX Investments. In order for a defendant to recover attorney's fees under the offer of judgment statute following a plaintiff's voluntary dismissal of its claim, the dismissal must be *1164 with prejudice.[1]See MX, 700 So.2d at 642. Although we recognize that State Farm's claim against Gammie is indeed subject to being barred in a second action due to the running of the statute of limitations period, the voluntary dismissal here was not the equivalent of a no liability adjudication on the merits as required by section 768.79. We therefore affirm the trial court's denial of Gammie's motion for attorney's fees.
Affirmed.
NOTES
[1] To be clear, two voluntary dismissals result in a dismissal with prejudice, thus an adjudication on the merits. See Fla.R.Civ.P. 1.420(a).