PER CURIAM.
Aero Toy Store, Inc. (“Aero”), appeals the trial court’s dismissal with prejudice of its action against The Sherwin Williams Company (“Sherwin-Williams”). We reverse to vacate the order of dismissal.
Aero filed suit against Sherwin-Williams for Breach of Express Warranty and Breach of Implied Warranty of Merchantability for allegedly defective paint it purchased from Sherwin-Williams. Sherwin-Williams served an offer of judgment pursuant to Section 768.79, Florida Statutes (1997), offering to settle Aero’s claim. Aero declined the offer. Thereafter, Sherwin-Williams filed a motion for summary judgment which was denied. Subsequently, Aero filed notice voluntarily dismissing the action without prejudice pursuant to Florida Rule of Civil Procedure 1.420. Sherwin-Williams motioned for entitlement to attorneys’ fees and costs pursuant to Section 768.79, Florida Statutes. The lower court entered a final order dismissing the action with prejudice, and awarding Sherwin Williams Section 768.79 attorneys’ fees.
Aero contends that in light of its filing a notice of voluntary dismissal without prejudice, the trial court lacked jurisdiction to enter a subsequent order dismissing the lawsuit with prejudice. Further, that since its voluntary dismissal should have been without prejudice, the lower court lacked authority to award attorneys’ fees pursuant to Section 768.79, Florida Statutes. We agree.
Florida Rule of Civil Procedure 1.420(a)(1) provides that a notice of dismissal served after a motion for summary judgment is denied, but before retirement of the jury, or before submission of a nonjury case to the court for decision, operates as a dismissal without prejudice. Aero designated its notice of voluntary dismissal as a “dismissal without prejudice”. In addition, Aero filed its notice of dismissal after Sherwin-Williams’ motion for summary judgment was denied, and prior to the case being tried before a jury or submitted to the court for decision. Thus, upon Aero’s filing of a notice of voluntary dismissal, the trial court was divested of jurisdiction to enter an order dismissing the case with prejudice. See Goldberg v. Howard, 646 So.2d 856 (Fla. 4th DCA 1995). Further, since Aero’s voluntary dismissal should have been without prejudice, an award of attorneys’ fees pursuant to Section 768.79, Florida Statutes was improper. See MX Investments, Inc. v. Crawford, 700 So.2d 640 (Fla.1997)(holding that Section 768.79 does not provide a basis for the award of attorneys’ fees and costs unless a dismissal is with prejudice). As such, we reverse to vacate the order of dismissal with prejudice.
REVERSED AND REMANDED.
GUNTHER, SHAHOOD and TAYLOR, JJ., concur.