739 So.2d 684 (1999)
Ricky TUCKER and Michael Okun, Appellants,
v.
Nathan OHREN, et al., Appellees.
No. 98-3683.
District Court of Appeal of Florida, Fourth District.
September 1, 1999.
G. Ware Cornell, Jr. and Arianne Bombalier Suarez of G. Ware Cornell, Jr., P.A., Fort Lauderdale, for appellants.
Thomas D. Daiello of Thomas D. Daiello, P.A., Boca Raton, for appellee Nathan Ohren.
STONE, J.
Tucker appeals the denial of her rule 1.540(b) motion for relief from judgment, *685 and Tucker and Okun appeal a final judgment awarding attorney's fees in favor of the defendant, Ohren. We affirm the order denying Tucker's motion for relief from judgment, but reverse the attorney's fee awards.
Although it was not designated as filed pursuant to statute, the Okun suit was a shareholder derivative action against the directors of two corporations. Tucker filed her own shareholder derivative lawsuit against the co-defendants which was consolidated with Okun's case. Subsequently, Okun took a voluntary dismissal, after which the remaining parties to the suit were Tucker and the defendant Ohren.
Tucker stipulated that the suit was a shareholder derivative action but had not joined the corporations on whose behalf the suit had been brought as party defendants. At trial, the judge ruled that the corporations were indispensable parties and, accordingly, dismissed the case.
In his answer, Ohren pled entitlement to attorney's fees but did not plead the specific statutory grounds on which he relied. Ohren's offers of judgment made to Okun and Tucker were not accepted. His motions for attorney's fees, which set forth the statutory grounds, were each filed after the respective dismissals. Ohren was awarded attorney's fees against Okun and Tucker pursuant to both sections 607.07401(5) (shareholder's action) and 768.79 (offer of judgment), Florida Statutes.
The trial judge properly denied Tucker's rule 1.540(b) motion for relief from judgment. Her assertion that the trial judge legally erred in dismissing the action may not be addressed in a rule 1.540(b) motion as the rule was "never intended and should not be utilized as a `substitute for appellate review of judicial error.'" Harrison v. La Placida Community Ass'n, 665 So.2d 1138, 1141 (Fla. 4th DCA 1996). Only the narrow grounds set forth in rule 1.540 may serve as a basis for relief under that rule. See id. at 1141.
A trial court has jurisdiction to rule on the question of its own jurisdiction. See English v. McCrary, 348 So.2d 293 (Fla.1997). We, therefore, reject Tucker's attempt to fit her argument into one of the permissible grounds for rule 1.540 relief by asserting that the judgment was void. The trial court's decision finding a lack of jurisdiction was within its jurisdiction, not void, and consequently, not subject to relief under rule 1.540(b)(4).
Applying Stockman v. Downs, 573 So.2d 835, 837 (Fla.1991), we find that the trial court erred in awarding attorney's fees pursuant to section 607.07401, Florida Statutes, because Ohren did not plead the statutory grounds for entitlement in his initial prayer for fees and the plaintiffs/appellants' claims were not specifically based on the statute. Although Stockman recognizes an exception where the opposing party has notice of the claim and by its conduct acquiesces, it did not specifically address circumstances where the party has notice of a generalized claim but not the specific statutory grounds. See also Tri-County Dev. Group v. C.P.T. of South Florida, Inc., 740 So.2d 573 (Fla. 4th DCA 1999). In Dealers Insurance Co. v. Haidco Investment Enters., Inc., 638 So.2d 127, 130 (Fla. 3d DCA 1994), the court concluded that "the requesting party must plead the statutory or contractual basis on which that party seeks attorney's fees." Accord United Pacific Ins. Co. v. Berryhill, 620 So.2d 1077 (Fla. 5th DCA 1993). Hence, Ohren's failure to specifically plead the statutory grounds is fatal to the fee claim. We also note that in dismissing the underlying lawsuit and awarding attorney's fees, the trial judge made no findings, as required by section 607.07401(5), Florida Statutes, that the proceeding was commenced without cause, nor is there record support for a reasonable cause finding. Therefore, the award of attorney's fees under section 607.07401(5) is unsupported, in any event.
*686 The attorney's fees awards were also erroneously based on offers of judgment. The supreme court has interpreted section 768.79(6)(a), Florida Statutes, as limiting attorney's fees on an offer of judgment after voluntary dismissal to those cases where the voluntary dismissal is with prejudice. See MX Invs., Inc. v. Crawford, 700 So.2d 640 (Fla.1997); see also Aero Toy Store, Inc. v. Sherwin Williams Co., 725 So.2d 1267 (Fla. 4th DCA 1999). In this case, no prior voluntary dismissals had been taken; therefore, the dismissal is deemed to be without prejudice. See Fla. R. Civ. P. 1.420(a)(1). The trial judge considered that because the claim was barred by the statute of limitations, the dismissal was tantamount to a dismissal with prejudice. However, this argument was rejected in Gammie v. State Farm Mut. Automobile Insurance Co., 720 So.2d 1163 (Fla. 3d DCA 1998), reasoning that MX Investments limited attorney's fees on an offer of judgment to dismissals with prejudice even though the statute of limitations would preclude re-institution of the suit, because a voluntary dismissal is not the equivalent of a no liability adjudication on the merits.
Similarly, as to the award against Tucker, the involuntary dismissal was not an adjudication on the merits because it was based on the failure to join an indispensable party. See Fla. R. Civ. P. 1.420(b).
Therefore, we reverse final judgment of attorney's fees against Tucker and Okun.
WARNER, C.J. and STEVENSON, J., concur.