774 So.2d 888 (2001)
PROVESTMENT CORPORATION, a Maryland corporation authorized to do business in the State of Florida, Appellant/Appellee,
v.
KNECHT & COMPANY, Appellee/Appellant.
Nos. 4D00-548, 4D00-855.
District Court of Appeal of Florida, Fourth District.
January 3, 2001.
*889 Thomas D. DeCarlo of Thomas D. De-Carlo, P.A., West Palm Beach, for appellant/appellee.
Michael C. Knecht of Michael C. Knecht & Assoc., P.A., Palm Beach Gardens, for appellee/appellant.
STONE, J.
We affirm an order granting summary judgment in favor of Knecht & Company and an order denying attorney's fees.
The primary issue on appeal in this action for eviction of Provestment Corporation involves the timeliness of the notice of hearing on Knecht's motion for summary judgment. The record reflects that Knecht first served Provestment with an extensive motion for partial summary judgment in March 1999. The motion stated that Provestment was in violation of specified provisions in the lease by keeping a pet parrot in its commercial condominium unit. The motion referenced the condominium's rules and bylaws, copies of which were in the record, and the tenant's admission that it kept the pet in its office. Knecht also included statutory and case law that it relied on and related same to the facts. Knecht's motion also sought alternative relief by judgment on the pleadings. At that time, the trial court denied the motion for judgment on the pleadings but reserved ruling on the motion for partial summary judgment, adding that the motion could be re-filed after further discovery had been conducted.
In September 1999, Knecht served Provestment with an amended motion for judgment on the pleadings or, in the alternative, motion for partial summary judgment. This motion was two pages in length and styled "Addendum to Plaintiffs Motion for Judgment on the Pleadings, or in the alternative, Motion for Partial Summary Judgment." It added, as undisputed facts, that Provestment was in violation of the lease by refusing, after being asked, to stop using power tools, remove its pet from the unit, and abate a noise disturbance. A hearing was set for January 14, 2000, and a notice of that hearing was served on Provestment on November 10, 1999. On December 6, 1999, Knecht also served Provestment with a notice of filing, which provided the court with an affidavit, deposition, and answers to interrogatories for the court to consider in ruling on the motion for summary judgment.
Provestment's attorney withdrew in December, and there was no appearance for the defense at the summary judgment hearing conducted on January 14th. We note that by its order granting leave to withdraw, the court had ordered that new counsel be obtained by January 3rd and that the scheduled trial (previously continued by Provestment) remain set on the January 26th docket.
One other significant event occurred. On January 6, 2000, Knecht served Provestment with a document titled "Motion for Summary Judgment or, in the alternative, Motion for Judgment on the Pleadings." That document essentially repeated the earlier allegations set out in the March motion for summary judgment and September addendum to the motion and added supporting references to portions of the documents previously filed or referenced in support of the motion.
Florida Rule of Civil Procedure 1.510(c) requires that a motion for summary *890 judgment be served at least twenty days before the time fixed for hearing. Entry of summary judgment based on a motion that fails to comply with the twenty-day requirement is reversible error. E & I, Inc. v. Excavators, Inc., 697 So.2d 545, 546 (Fla. 4th DCA 1997). Although Appellant asserts that the court's order was addressed to the January 6th "motion," it is clear that the hearing was held on the March motion as re-filed and modified by the September addendum, which was noticed in November for the January hearing.
The September addendum clearly states that the relief requested is summary judgment based on undisputed factsthat the defendant was asked and refused to stop using the tools, remove the parrot, and abate a noise disturbance. It is also clear that the summary judgment was entered on the first two of the grounds asserted. Provestment's argument that the trial court had improperly relied on the content of the motion filed in January was considered, and rejected, by the trial court.
We find no error or abuse of discretion in the trial court's concluding that the issues addressed by the court's judgment were raised by the March and September motions and the addendum documents. The fact that the additional January filing, less than twenty days prior to the hearing, is termed a "motion," contains details in reference to the already-filed pleadings, documents, deposition, and affidavits, and includes a case citation not included in the earlier motions, does not vitiate the order arising out of the otherwise timely hearing.
As to Provestment's other arguments, we find no reversible error and affirm. We also affirm as to Knecht's consolidated appeal of an order denying attorney's fees. Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991); Tucker v. Ohren, 739 So.2d 684 (Fla. 4th DCA 1999). We have considered the exceptions to the Stockman rule addressed by Knecht based on consent or waiver but deem them inapposite here.
GUNTHER and FARMER, JJ., concur.