835 So.2d 1175 (2002)
COMMONWEALTH PROPERTY ASSOCIATES, INC., a Florida corporation, and S.W. Enterprise Associates, Inc., a Florida corporation, Appellants/Cross-Appellees,
v.
SUNTRUST BANK, SOUTHWEST FLORIDA, a Florida corporation and State Chartered Bank, f/k/a Sunbank of Lee County, N.A., Appellee/Cross-Appellant.
SunTrust Bank, Southwest Florida, a Florida corporation and State Chartered Bank, f/k/a Sunbank of Lee County, N.A., Appellant,
v.
Commonwealth Property Consolidated Associates, Inc., a Florida corporation, and S.W. Enterprise Associates, Inc., a Florida corporation, Appellees.
Nos. 2D01-850, 2D01-1968.
District Court of Appeal of Florida, Second District.
December 20, 2002.
Rehearing Denied February 3, 2003.
*1176 Robert E. Doyle, Jr., James T. Demarest, and Lilliana M. Farinas of Quarles & Brady, LLP, Naples, for Commonwealth Property Associates, Inc. and S.W. Enterprise Associates, Inc.
Theodore L. Tripp, Jr. and Elisa S. Worthington of Garvin & Tripp, P.A., Fort Myers, for SunTrust Bank, Southwest Florida.
SILBERMAN, Judge.
In this consolidated appeal, Commonwealth Property Associates, Inc., and S.W. Enterprise Associates, Inc., appeal the order awarding attorney's fees to SunTrust Bank. SunTrust cross-appeals the same order and appeals the order granting, in part, its motion to tax costs. We reverse the award of attorney's fees to SunTrust because it was not entitled to recover fees pursuant to its offers of judgment when the lawsuit was voluntarily dismissed without prejudice. Our decision on this issue renders the cross-appeal moot. Concerning SunTrust's appeal of the order on costs, we conclude that the trial court did not abuse its discretion and affirm that order without further comment.
In 1994 Commonwealth filed a lawsuit to recover 1991 and 1992 operating expenses allegedly owed by SunTrust as a result of SunTrust's tenancy of a building managed by Commonwealth. In 1995 S.W. Enterprise, the owner of the building, and Commonwealth jointly filed a second lawsuit against SunTrust to recover operating expenses for 1993 and 1994. SunTrust served offers of judgment in both cases.
After the 1994 and 1995 cases were consolidated, S.W. Enterprise amended its complaint against SunTrust; Commonwealth was no longer included as a coplaintiff. In March 1998, during the trial of the consolidated case, S.W. Enterprise requested from the trial court, and was granted, a voluntary dismissal without prejudice. Several days later, SunTrust filed its motion seeking an award of attorney's fees against S.W. Enterprise and Commonwealth pursuant to the unaccepted offers of judgment. By the time the trial court considered SunTrust's motion, a third lawsuit had been filed against SunTrust. The trial court reserved jurisdiction to consider SunTrust's motion for fees and stated that the motion would remain pending until the conclusion of the third lawsuit.
The third lawsuit was filed by Commonwealth, S.W. Enterprise, and an individual named Dominic A. Franchi. They claimed that SunTrust was liable for unpaid operating expenses that had accrued over the course of several years. Subsequently, Commonwealth dismissed its claims against SunTrust, and S.W. Enterprise dismissed certain of its claims. The third lawsuit was eventually resolved when Franchi and S.W. Enterprise accepted an offer of judgment made by SunTrust.
*1177 SunTrust then renewed its request for an award of attorney's fees in the earlier, consolidated case. The trial court ruled in favor of SunTrust and awarded fees against Commonwealth and S.W. Enterprise. Commonwealth and S.W. Enterprise argue that the fee award was improper because the consolidated case had been voluntarily dismissed without prejudice. We agree.
In MX Investments, Inc., v. Crawford, 700 So.2d 640, 642 (Fla.1997), the supreme court held that only when a plaintiff's voluntary dismissal is with prejudice or is a second voluntary dismissal is the defendant entitled to an award of attorney's fees in accord with section 768.79, Florida Statutes, the offer of judgment statute. See also Aero Toy Store, Inc. v. Sherwin-Williams Co., 725 So.2d 1267, 1268 (Fla. 4th DCA 1999); Gammie v. State Farm Mut. Auto. Ins. Co., 720 So.2d 1163, 1163-64 (Fla. 3d DCA 1998). Because Commonwealth and S.W. Enterprise dismissed their claims without prejudice, and it was their first voluntary dismissal of the claims, SunTrust was not entitled to recover attorney's fees pursuant to the offers of judgment that it had made in the consolidated case.[1]
Therefore, the order awarding attorney's fees to SunTrust is reversed, and the order granting SunTrust's motion to tax costs is affirmed.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] We also note SunTrust's assertion that Commonwealth and S.W. Enterprise waived the MX argument by not raising it in the trial court. The record reflects that MX was specifically brought to the trial court's attention well before the trial court resolved the fee issue.