973 So.2d 1287 (2008)
Michelle DEVIDO f/k/a Michelle Curry, Appellant,
v.
Randall S. CURRY, Appellee.
No. 4D07-692.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
*1288 Stuart N. House of Giunta & House, P.A., Fort Lauderdale, for appellant.
Monica I. Salis of Monica I. Salis, P.A., Pompano Beach, for appellee.
DAMOORGIAN, J.
Appellant, Michelle Devido, appeals the trial court's order awarding the appellee, Randall S. Curry, appellate attorney's fees. We reverse because the trial court may not award appellate attorney's fees absent a mandate from the appellate court.
By way of background, Devido previously appealed this case. However, that appeal was dismissed as untimely. Curry never filed a motion seeking appellate attorney's fees with this Court as required by Florida Rule of Appellate Procedure 9.400(b). Instead, Curry moved the trial court for appellate attorney's fees, which the trial court granted. The trial court reasoned that it had the authority to award appellate attorney's fees because the parties' property settlement agreement provided for such an award. This appeal followed.
It is well settled that a "trial court may not award appellate attorney's fees absent a mandate from the appellate court." Real Estate Apartments, Ltd. v. Bayshore Garden Apartments, Ltd., 530 So.2d 977, 979 (Fla. 2d DCA 1988), Gieseke v. Gieseke, 499 So.2d 839 (Fla. 4th DCA 1986); (citing Mullins v. Mullins, 342 So.2d 83 (Fla. 4th DCA 1976); Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975)).
Curry argues that once this Court dismissed the appeal, he had no choice but to seek his appellate fees from the trial court because this Court had no jurisdiction. However, an appellate court's dismissal does not vest authority in the trial court to grant appellate fees. See Office of State Attorney v. Gonzalez, 953 So.2d 759, 766 (Fla. 2d DCA 2007) (trial court lacks the authority to award appellate attorney's fees where appellate court has dismissed the case for lack of jurisdiction absent a mandate).
Consequently, the trial court erred in awarding appellate attorney's fees.
Reversed.
KLEIN and HAZOURI, JJ., concur.