997 So.2d 1209 (2008)
Luis SANCHEZ, et al., Appellant,
v.
STATE FARM FLORIDA INSURANCE COMPANY, Appellee.
No. 3D08-648.
District Court of Appeal of Florida, Third District.
December 24, 2008.
Alvarez & Carbonell and Benjamin R. Alvarez, Miami, for appellant.
Richard A. Warren, Miami; Rudd & Diamond and Michael R. Rudd, Miami, for appellee.
Before SHEPHERD, CORTIÑAS, and SALTER, JJ.
PER CURIAM.
We deny the appellee's motion for attorney's fees. The appellant voluntarily dismissed the appeal before briefs were filed. The only papers filed here by the appellee were a three-paragraph motion to impose sanctions and a four-paragraph motion for attorney's fees. The issue is not whether the appellee "prevailed" here, see Arango v. United Auto. Ins. Co., 901 So.2d 320 (Fla. 3d DCA 2005), but rather whether fees and costs must be remanded, a further trial court hearing set, and additional judicial labor incurred, for activity best characterized as "de minimis." Motion denied.
CORTIÑAS and SALTER, JJ., concur.
*1210 SHEPHERD, J., dissenting.
This case is before us on Appellee State Farm Florida Insurance Company's motion for appellate attorney fees filed pursuant to section 768.79 of the Florida Statutes (2007), Florida's "Offer of judgment and demand for judgment" statute. State Farm prevailed below on the merits and obtained a final judgment. Appellants, Luis Sanchez and Martha Sanchez, State Farm's insureds, initiated an appeal of the final judgment but recently filed a notice of voluntary dismissal, which this Court has recognized. State Farm's motion for fees remains pending below.
Section 59.46 of the Florida Statutes (2007), provides:
59.46 Attorney's Fees.
In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal.
There is no contrary intent expressed in section 768.79. If the trial court finds the offer of judgment enforceable below, then State Farm is also entitled to an award of appellate attorney fees. See Commonwealth Prop. Assocs., Inc. v. SunTrust Bank, Sw. Fla., 835 So.2d 1175 (Fla. 2d DCA 2002); Tucker v. Ohren, 739 So.2d 684 (Fla. 4th DCA 1999); Gammie v. State Farm Mut. Auto. Ins. Co., 720 So.2d 1163 (Fla. 3d DCA 1998).[1]
I would grant Appellee's motion for attorney fees filed here and remand this matter to the trial court with the direction that if the trial court deems the offer of judgment enforceable as to trial court fees, then it also should award appellate attorney fees to State Farm. There is no "de minimis" provision in the statute. See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 611-613 (Fla.1995) (explaining that section 768.79 of the Florida Statutes "create[s] a mandatory right to attorney's fees, if the statutory prerequisites have been met"). If the trial court determines the offer of judgment to be enforceable, both trial and appellate fees can easily be determined and awarded at the same hearing.
NOTES
[1] Appellants protest that the appellee's motion filed for trial court fees below also includes a demand for an award of appellate attorney fees. Appellants provide no record support for the allegation. However, a trial court has no authority to grant appellate attorney fees absent a direction or award by this Court. See Fla. R.App. P. 9.400(b); Devido v. Curry, 973 So.2d 1287 (Fla. 4th DCA 2008). Thus, there should be no duplicate attorney fee awards in this case.