ON MOTION FOR APPELLATE ATTORNEY’S FEES
PER CURIAM.
Appellant filed a breach of contract action against Appellee Bachman and others. Judgment was entered in favor of Bach-man and Appellant appealed. Shortly after the clerk of the lower tribunal filed the record index, and prior to the parties filing any briefs, Appellant voluntarily dismissed the appeal under rule 9.350(b). Bachman seeks an award of attorney’s fees as the prevailing party in this appeal.
The contract at issue in this case includes a prevailing party attorney’s fee provision, which by virtue of section 59.46, Florida Statutes, includes appellate attorney’s fees. Appellant appears to concede that Bachman is the prevailing party in this appeal, but it objects to an award of appellate attorney’s fees on the basis that “appellee’s involvement in this appeal has been de minimus.”
There is support for Appellant’s position in Sanchez v. State Farm Florida Insurance Company, 997 So.2d 1209 (Fla. 3d DCA 2008). However, we agree with Judge Shepherd’s dissent in that case that there is no de minimis exception when determining entitlement to a fee award. Id. at 1210. Although the dismissal of this *1074 appeal at an early stage will certainly impact the amount of fees awarded, it has no bearing on Bachman’s entitlement to fees.
Accordingly, we grant Bachman’s motion for appellate attorney’s fees, and we remand this case to the trial court to determine the amount of the award if the parties are unable to agree on an amount.
MOTION GRANTED; CASE REMANDED.
ROBERTS, WETHERELL, and ROWE, JJ., concur.