*937 ORDER ON APPELLEE’S MOTION FOR REHEARING OF ORDER DENYING ATTORNEY’S FEES
ALTENBERND, Judge.
Tawayna Braxton appealed a judgment in an automobile negligence case in which the jury determined that there was no negligence on the part of Evelyn Grabow-ski that resulted in damage to Ms. Brax-ton. Our online docket reflects that, after the filing of the notice of appeal in May 2012, very little activity occurred in this case. Appellate counsel filed an appearance for Ms. Grabowski and subsequently informed us of his e-mail address. Ms. Braxton received two extensions of time to file a brief. The circuit court clerk sent this court a one-volume record that did not include a trial transcript. In November, this court entered an order warning that the case was about to be dismissed for failure to prosecute. When no brief was received from Ms. Braxton, we dismissed the appeal on December 18, 2012. A few days later, she filed a notice of voluntary dismissal that likely crossed in the mail with this court’s order.
In most cases, these events would signal the end of the appeal. However, in this case, our warning that the appeal was about to be dismissed prompted Ms. Gra-bowski’s appellate counsel to file a motion for attorney’s fees, claiming that he was entitled to fees under section 768.79, Florida Statutes (2010), in light of a proposal for settlement that had been served in the circuit court.
We denied the motion for fees. We assumed that, on remand, the attorney’s fees that would be incurred by Ms. Gra-bowski to establish her right to some small judgment for fees resulting from filing in this court (1) a notice of appearance, (2) a notice of e-mail address, and (3) a motion for attorney’s fees would exceed the amount of the judgment for fees she received. Apparently we were mistaken. Ms. Grabowski’s appellate counsel has moved for rehearing of the order denying fees.
In her motion for rehearing, Ms. Gra-bowski argues that, as long as a movant meets the requirements of section 768.79, entitlement to fees is mandatory.[1] See § 768.79(1) (“In any civil action for damages filed in the courts of this state, if a defendant flies an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees .... ” (emphasis added)). Additionally, we recently held in Braaksma v. Pratt, 103 So.3d 913 (Fla. 2d DCA 2012), that “[o]nce the court determines that a party has complied with the technical terms of section 768.79 and [Florida Rule of Appellate Procedure] 1.442, the court may disallow fees only upon a finding that the offer was not made in good faith” and that “[c]ompliance with the technical terms of the offer of judgment statute and rule creates a mandatory right to attorney’s fees.” Id. at 915 (citations and internal quotation marks omitted); see also Westfield Ins. Co. v. Mendolera, 647 So.2d 223, 224 (Fla. 2d DCA 1994) (holding that section 768.79 fees apply at the appellate level).
On the basis of this authority, we are constrained to grant Ms. Grabowski’s motion for rehearing and her original fee motion. But for this precedent, we would likely follow the lead of the Third District and deny the motion for rehearing because the fees should be de minimis. Sanchez v. State Farm Fla. Ins. Co., 997 So.2d 1209 (Fla. 3d DCA 2008). But see First Real Estate, LLC v. Grant, 88 So.3d 1073 (Fla. *938 1st DCA 2012) (adopting the dissenting view of Judge Shepherd in Sanchez). Admittedly, we do not know what time may reasonably have been spent on this matter outside our record, but without a transcript or a brief from the appellant, we doubt that much time could have been productively spent on this case by Ms. Grabowski’s attorneys.
Accordingly, Ms. Grabowski’s motion for rehearing is granted. The second paragraph of this court’s order of December 18, 2012, is vacated. Ms. Grabowski’s motion for appellate attorney’s fees is granted as to fees under section 768.79 and rule 1.442 only. The circuit court shall make a determination of entitlement under the proposal for settlement. If entitlement is found, the circuit court shall also determine the amount of appellate attorney’s fees. We certify conflict with Sanchez.
Motions granted; case remanded.
MORRIS and BLACK, JJ., Concur.

. Ms. Grabowski includes no argument based on section 59.46, Florida Statutes (2010).