DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARGARET GREGOIRE** and **LESLY GREGOIRE,**
Appellants,

v.

**CITIZENS PROPERTY INSURANCE CORP.,**
Appellee.

No. 4D20-194

[September 15, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE18-27513.

Sonya P. Randolph and Jose P. Font of Font & Nelson, PLLC, Ft. Lauderdale, for appellants.

Emily C. Smith and Miriam R. Merlo of Gaebe, Mullen, Antonelli & DiMatteo, Coral Gables, for appellee.

### *ON MOTION FOR REHEARING*

PER CURIAM.

Following our affirmance of a final order in favor of Citizens Property Insurance Corporation in litigation concerning the scope of a release signed by appellants, Citizens moved for rehearing of our order denying its motion for attorney's fees, citing to paragraphs 4 and 5 of the release and also citing to section 59.46, Florida Statutes (2019). We deny the motion for rehearing. As we observed in the order denying fees, "the motion cites no statutory authority for fees, points to no language in the release or policy entitling it to fees, and does not say there was an offer of judgment."

Rule 9.400(b) of the Florida Rules of Appellate Procedure provides that "a motion for attorneys' fees shall state the grounds on which recovery is sought." To satisfy this requirement, the movant "must provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal." *Hembd v. Dauria*, 859 So. 2d 1238,

1240 (Fla. 4th DCA 2003) (quoting *United Servs. Auto. Ass'n v. Phillips*, 775 So. 2d 921, 922 (Fla. 2000)).

Section 59.46 provides that a statutory or contractual provision for an award of attorney's fees to the prevailing party shall be construed to include attorney's fees to the prevailing party on appeal. § 59.46, Fla. Stat. (2019). That statute does not create a right to fees in the absence of some other statutory or contractual provision providing for an award of fees.

Regarding any contractual basis to support an award of attorney's fees, Citizens' motion for rehearing cites to paragraphs 4 and 5 of the release,[1] neither of which contain an attorney's fee provision. Paragraph 4 essentially states that appellants "had an opportunity to fully investigate the extent and scope" of the damage they claimed. Paragraph 5 provides that appellants would release Citizens from all past, present and future claims, including attorney's fees and costs, and that appellants are barred from asserting any claims, including supplemental claims.

Citizens does not show any contractual provisions for an award of attorney's fees to Citizens as a prevailing party. The case law cited by Citizens' motion for fees is distinguishable. *First Real Estate, LLC v. Grant*, 88 So. 3d 1073, 1073 (Fla. 1st DCA 2012) ("The contract at issue in this case includes a prevailing party attorney's fee provision."); *Motter Roofing, Inc. v. Leibowitz*, 833 So. 2d 788, 789 (Fla. 3d DCA 2002) (reversing the portion of order denying appellate attorney's fees based on section 768.79(1), Florida's offer of judgment statute).

CONNER, C.J., WARNER and GROSS, JJ., concur.

\* \* \*

---

[1] Citizens cited to paragraphs 5 and 6 of the release in its original motion for attorney's fees. In its motion for rehearing, it claims that it cited to paragraphs 4 and 5 in its original motion for attorney's fees. In any event, there is no contractual basis to entitle Citizens to prevailing party attorney's fees even considering all three of these paragraphs and any additional provisions of the release cited by Citizens.