488 So.2d 548 (1986)
Clarence REDDING, Sr., Appellant,
v.
STOCKTON, WHATLEY, DAVIN & CO., Appellee.
No. 85-896.
District Court of Appeal of Florida, Fifth District.
April 3, 1986.
Rehearing Denied May 16, 1986.
Homero Leon, Jr., and Jay Rose, Greater Orlando Legal Services, Inc., Orlando, for appellant.
Walter R. Moon, of Butler, McDonald, Moon & Louv, Orlando, for appellee.
COBB, Chief Judge.
Appellant, Clarence Redding, Sr., timely appeals an order granting appellee, Stockton, Whatley, Davin & Co. (Stockton), a writ of possession after a judgment of foreclosure, which evicted Redding from foreclosed property.
On September 25, 1984, Stockton, as mortgagee, sued Redding's landlord, Redding and all potential lien claimants, to foreclose the property occupied by Redding. Specifically, Redding was sued for "any right, title or interest [he] may claim in the subject property by virtue of a lease or rental agreement." Redding answered the complaint on October 23, 1984. The lease, apparently an oral one, was entered into subsequent to the mortgage. On March 11, 1985, a final judgment of foreclosure was entered against Redding and all other defendants. The property was then sold to Stockton at a public auction. A notice of the sale was sent to all defendants. On May 24, 1985, Stockton moved for a writ of possession, asking that Redding *549 be removed from the subject property. The writ was granted on the same day by the circuit court which granted the original foreclosure. A stay of the writ was denied, and this appeal ensued.
Redding first contends that the foreclosure did not terminate his tenancy because it did not track the landlord-tenant act provisions of Chapter 83, Florida Statutes (1983). He argues that "a foreclosure action does not concern the possession interest of a tenant, but only the ownership and security interest of the mortgagor, mortgagee and other lien holders." Therefore, according to Redding, the mortgagee, after obtaining a certificate of title following foreclosure, was obligated to commence a separate eviction proceeding against him in county court pursuant to Chapter 83.
This contention is clearly erroneous. It ignores Florida case law, which shows that possession, as well as title, is at issue in a foreclosure action in respect to all parties to the action. See Ray v. Hocker, 65 Fla. 265, 61 So. 500 (1913); Dundee Naval Stores Co. v. McDowell, 65 Fla. 15, 61 So. 108 (1913); Wilmott v. Equitable Building & Loan Assn., 44 Fla. 815, 33 So. 447 (1903); see also Florida Rule of Civil Procedure 1.580. The foreclosure action terminated the leasehold of Redding, since he was joined as a party, and the purchaser at sale (Stockton) did not step into a landlord-tenant relationship with Redding. The relationship at that point was owner and trespasser  the exact situation for which a writ of possession is required. Redding's lease was extinguished simultaneously with his landlord's title, from whence it was derived.
The appellant's second argument is also without substance. He contends that section 34.011(2), Florida Statutes (1983), gives exclusive jurisdiction to the county court in regard to landlord-tenant possessory actions. The argument fails for two reasons: (1) Redding was never Stockton's tenant, as explained in the preceding paragraph, and (2) section 34.011 relating to the county court's jurisdiction in possessory actions against real property expressly recognizes and excepts from county court jurisdiction the exclusive jurisdiction of the circuit court in all cases in equity. See § 26.012, Fla. Stat. (1983). Foreclosure is a case in equity, and a writ of possession is ancillary to it.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.