SHAHOOD, J.

Facts

Appellants, Gary Sher and Irene Levine, were tenants for. approximately one year when the owners of the home they were renting defaulted on their mortgage. Foreclosure proceedings were instituted, a Summary Final Judgment for Foreclosure was entered, and the house was ultimately sold at auction to the mortgage company, appellee, Countrywide Home Loans, Inc. (Countrywide).
One month later, appellants had removed most of their personal items from the home, with the exception of some antiques, some art work and a glass aquarium containing turtles. One day, appellants learned that there had been an intruder in their home. They arrived at the house and discovered that the locks had been changed. After gaining entry into the house, they noticed that all of their personal belongings had been removed. The glass aquarium was overturned in the front yard and all of the turtles were missing.
It was later discovered that the house had been cleared, in preparation for resale, by a man who had been hired by the listing agent, Stephen Patrick Realty, Inc. Appellants thereafter filed suit against Countrywide and Steven Patrick Realty. They alleged trespass, civil theft, and intentional infliction of emotional distress against both defendants, and fraud, deceit and misrepresentations against Countrywide. The trespass and civil theft counts were based on the alleged improper entry onto the premises and removal of appellants’ property. The intentional infliction of emotional distress count was based on *1248 the disposal of appellants’ pet turtles. The fraud count was based on an alleged representation made by a Countrywide representative to appellants at the foreclosure sale to the effect that appellants would receive notice prior to any eviction proceedings.

Proceedings below

The uncontroverted evidence presented at the hearing on Countrywide’s Motion for Summary Judgment was that the certificate of title was issued to Countrywide on May 8, 1998, well before the alleged trespass on May 21, 1998. In addition, Countrywide pointed out that the foreclosure order specifically permitted Countrywide to dispose of any personal property remaining in the house after the successful bidder acquired possession by way of issuance of a certificate of title. Third, Countrywide pointed out that the locksmith and the realtor were completely independent of Countrywide, a fact which had been discovered after the lawsuit was filed. Finally, Countrywide referred to the depositions of both Sher and Levine wherein they stated that they had a lawyer of their own and did not rely on any representations made to them by any Countrywide agent on the day of the foreclosure sale.
It was appellants’ position that, pursuant to the foreclosure order, Countrywide was required to not only obtain a certificate of title, but also to acquire possession of the house. Appellants argued that they were still in possession of the house even though they had moved out; therefore, Countrywide could not have had possession. At the hearing, counsel for appellants stated,
I don’t think there can be any doubt as to count one, trespass, entering the property, not authorized by Judge Frus-ciante. Countrywide is responsible for their presence. Civil theft, or fraud, or intentional infliction of distress have nothing to do with Countrywide, but the trespass, authorization to go on the property was authorized by Countrywide.
In addition, appellants’ counsel told the court that she had nothing to offer on the intentional infliction and fraud counts and Countrywide was responsible only for the trespass.
After hearing argument, the court concluded that the dispositive issue was, as a matter of law, whether Countrywide was entitled to possession of the home at the time appellants’ property was removed. Finding that appellants did not have the right to possess the house, the court entered summary final judgment in favor of Countrywide and reserved jurisdiction to consider a motion for fees pursuant to section 772.11 and 57.105, Florida Statutes (2002).
At the hearing on Countrywide’s motion for fees, appellants’ counsel admitted that, after taking discovery, she concluded that Countrywide was not responsible, but argued that the critical time for determining justiciable issues is at the time the complaint is filed. The court concluded, “I find just a minimum of due diligence investigation before filing suit would have even precluded filing suit on the civil theft claim, therefore, there is entitlement for the civil theft claim, because basically there was no civil theft.” The court also found a complete absence of justiciable issues on the fraud and intentional infliction counts.
The court entered an Order Granting Countrywide’s Motion for Attorneys’ Fees Against Plaintiffs, awarding $28,827.50 in fees pursuant to both sections 772.11 and 57.105. The court also awarded costs in the amount of $6,834.38. Based on the representations of Countrywide’s counsel that it was impossible to apportion the fees because there was no way of distinguishing work done on each count separately, the *1249 court did not apportion the fees. Final judgments on fees and costs were entered accordingly.
First Issue — Section 772.11 Fees
The first issue on appeal is whether it was error to award fees pursuant to section 772.11. Appellants’ civil theft claim was based on their interpretation of sections 9.1 and 9.2 of the Summary Final Judgment of Foreclosure, which state the following:
After the Certificate of Title is issued by the Clerk of this Court, then the Clerk shall issue upon further Order one or more Writs of Possession. The Writs of Possession shall put the buyer at the foreclosure sale in possession of the land and property which was sold on the Courthouse steps. The Writs of Possession shall be in the name of the successful bidder. The address for which the Writ of Possession shall be issued is 10188 NW 48th Drive, Coral Springs, Florida 83067.
In the event that any defendant has failed to remove any item or items of personal property from the subject real estate at the time of the issuance of the Writ of Possession as provided above, the successful buyer at the foreclosure sale shall be entitled to dispose of such personal property at his discretion. In the event the successful bidder at the foreclosure sale acquires possession of the subject real estate after issuance of the Certificate of Title or by any other means and personal property of any other defendant remains on the subject real estate, said successful bidder shall be entitled to dispose of said personal property at his discretion.
(emphasis added).
Appellants argue that, according to the final judgment, Countrywide was required to first obtain a writ of possession before removing their property from the house. Thus, while they do not quarrel with the entry of summary judgment on their civil theft claim, they assert that, at the time they filed their complaint for civil theft, it was reasonable for them to believe that Countrywide should not have acted without a writ of possession.
Section 772.11 provides that, in a suit for civil theft pursuant to sections 812.012-812.037, Florida Statutes (2002), or section 825.103(1), Florida Statutes (2002), “[t]he defendant is entitled to recover reasonable attorney’s fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support.” § 772.11(1), Fla. Stat. (2002). The trial court’s ruling concerning an award of fees under this statute is subject to an abuse of discretion standard of review and shall not be reversed absent competent record support. See generally Marcus v. Miller, 663 So.2d 1340 (Fla. 4th DCA 1995).
In filing the complaint for civil theft, appellants relied upon the case of Redding v. Stockton, Whatley, Davin & Co., 488 So.2d 548 (Fla. 5th DCA 1986). That case suggests that even though a property has been foreclosed on and sold, a writ of possession is nevertheless required for the owner to remove the lessee from the property. Appellants also relied upon the language of the court’s order in this case, which could be interpreted to require a writ of possession before appellants’ property could be removed. Even though the trial court interpreted the order adversely to appellants’ position, it does not necessarily follow that appellants’ civil theft claim was without substantial factual or legal support at the time they filed their complaint.
The fact that appellants’ counsel conceded at the summary judgment hearing that the civil theft claim “had nothing to do *1250 with Countrywide” does not undermine appellants’ position. Counsel’s candid acknowledgment was based on discovery made subsequent to the filing of the complaint, which revealed that Steven Patrick Realty and Christopher Bosse were independent contractors such that their actions were not attributable to Countrywide. Knowledge available at the time of the filing of the complaint, however, indicated otherwise. In fact, prior to the filing of the complaint, Countrywide had represented in a letter to appellants that the persons who had entered the home and removed their property were Countrywide agents.
Thus, it was reasonable for appellants to believe that a Countrywide agent was responsible for, allegedly, wrongfully removing their personal items. It was error for the court to require appellants, before filing suit, to independently investigate whether Countrywide’s own admission that the people were its agents was, in fact, a true statement. In addition, based on the language of the order of foreclosure as well as the Redding case, it cannot be said that appellants’ claim was without substantial legal or factual support when the claim was originally filed. Consequently, it was error to award Countrywide fees on the basis of section 772.11.
Second Issue — Section 57.105 Fees
The second issue is whether it was appropriate to award fees pursuant to section 57.105, Florida Statutes, with regard to appellants’ claims of intentional infliction of emotional distress and fraud. In awarding fees under this section, the trial court must find that, at the time a claim or defense is presented to the court, the losing party knows or should know that it “[w]as not supported by the material facts necessary to establish the claim or defense” or “[w]ould not be supported by the application of then-existing law to those material facts.” § 57.105(l)(a), (b), Fla. Stat. (2002); see also Read v. Taylor, 832 So.2d 219 (Fla. 4th DCA 2002).
In this case, the trial court stated generally that appellants’ fraud and intentional infliction of emotional distress claims lacked justiciable issues and made no specific finding in the final order to support the 57.105 fee award. An absence of justi-ciable issues is no longer the standard for awarding fees under section 57.105. See Forum v. Boca Burger, Inc., 788 So.2d 1055 (Fla. 4th DCA 2001), rev. granted, 817 So.2d 844 (Fla.2002). Thus, we reverse and remand for the trial court to reconsider the 57.105 fee award according to the current standard.
Based on the foregoing, we reverse the final judgment awarding fees and costs to Countrywide and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
POLEN and GUNTHER, JJ., concur.