NORTHCUTT, Judge.
 

 Infinity Auto Insurance Company sued Raul Nodal and Perez Personal Injury Clinic (PPIC) seeking damages under various tort theories, including civil theft. Eventually Infinity dismissed its complaint without prejudice. The narrow issue presented in these appeals is whether Nodal and PPIC are entitled to recover the attorney’s fees and costs they expended in defense of the suit. The circuit court concluded that they were not. We disagree, and we reverse and remand for further proceedings.
 

 Nodal, a physician, was employed at PPIC in 2006 and treated a patient who had suffered injuries in two separate motor vehicle accidents, one in March 2006 and the other in April 2006. Infinity, the patient’s Personal Injury Protection insurer, paid the bills that Nodal and PPIC submitted for the patient’s medical care from March through July of 2006.
 

 In August 2006, Infinity sent these bills to Pyramed, Inc., a medical coding service, apparently for the purpose of determining whether the procedure codes Nodal and PPIC used to describe the patient’s treatment were appropriate. A certified professional coder, Connie Coleman, reported that the bills contained coding errors that might reflect double billing for the same procedure, billing for services not given to the patient, and “upcoding
 
 [1]
 
 and unbun-dling.
 
 [2]
 
 ” Coleman opined that the codes submitted on the bills were not supported by sufficient documentation. But her report cautioned that “no inference is im
 
 *723
 
 plied as to whether or not the coding error was the result of innocent oversight, failure to document services rendered, intentional misconduct, or a systematic scheme to defraud. Clinical correlation may be necessary to determine the source of the coding error.”
 

 Infinity sued Nodal and PPIC, asserting, among others, causes of action based on civil theft, § 772.11, Fla. Stat. (2006); unjust enrichment; conversion; and fraud. The original complaint referred to section 627.736, Florida Statutes (2006) (the PIP statute), part of the Florida Motor Vehicle No Fault law. The complaint explained that under this law, an insurer is not obligated to pay for any service that was not lawful or that had been upcoded or unbundled.
 
 See
 
 § 627.736(5)(b)(l)(b), (e). In response to interrogatories, Infinity disclosed that the sole basis for its claims was Coleman’s report.
 

 Nodal and PPIC moved to dismiss the complaint for several reasons, including that Infinity’s tort claims were barred because they were based on a contract, i.e., they arose from the insurance contract between Infinity and the patient. The circuit court granted their motions, noting that Infinity must plead ultimate facts outside the PIP statute in order to maintain a cause of action.
 

 Infinity filed an amended complaint that essentially contained the same causes of action based on the same facts as the original complaint, but it omitted all references to section 627.726. In the meantime, Infinity retained Dr. Joel Grossman, a certified medical audit specialist and certified professional coder for a “peer review.” It is unclear exactly what he reviewed, but he opined that medical documentation did not support the codes for the treatment Nodal and PPIC rendered to Infinity’s insured.
 

 Nodal and PPIC again moved to dismiss Infinity’s amended complaint for failure to state a cause of action. On the day scheduled for a hearing on the motions, Infinity voluntarily dismissed its amended complaint without prejudice. Both Nodal and PPIC then filed motions for attorney’s fees under sections 627.428, 627.736, and 772.11. The circuit court denied their requests under all the statutes. We affirm the court’s denial of fees under chapter 627 without further discussion. But we reverse the court’s decision to deny section 772.11 fees and remand with directions to award Nodal and PPIC their reasonable fees and costs.
 

 Section 772.11(1) provides that a defendant in a civil theft action “is entitled to recover reasonable attorney’s fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support.” This court has previously held that the standard for an attorney’s fees award under that statute is less stringent than the standard under section 57.105, Florida Statutes (2006).
 
 See Ciaramello v. D’Ambra,
 
 613 So.2d 1324, 1325 (Fla. 2d DCA 1991). In this case, the circuit court ruled that “[tjhere is nothing in the record to date upon which a finding can be made that the underlying claims filed by [Infinity] were without substantial fact or legal support.”
 

 But in fact there was evidence in the record on this very issue. Nodal and PPIC filed documents to support their motions, and Infinity filed evidence in opposition. The record evidence included Infinity’s responses to discovery requests, which confirmed that the
 
 sole basis
 
 of its claim was the report of Pyramed’s coder, Coleman. That report contained the previously mentioned caveat that no inferences of intentional misconduct or fraud could be drawn from the alleged miscoding. The record also contained Dr. Grossman’s re
 
 *724
 
 port, which opined that the defendants had miscoded certain procedures and that their charges for physical therapy were “grossly excessive.”
 

 These reports might have supported a claim to recover the sums paid to Nodal and PPIC under the PIP policy and section 627.736, had Infinity filed such an action.
 
 See
 
 § 627.736(4)(b) (providing that an insurer can challenge a claim as unrelated, not medically necessary, unreasonable, or in excess of the permitted charge “at any time, including after payment of the claim.”) But, standing alone, they simply did not support a required element of Infinity’s civil theft claim — that Nodal and PPIC acted with a criminal intent to deprive Infinity of property.
 
 See Standard Jury Instructions
 
 — Civil
 
 Cases (No. 98-3),
 
 720 So.2d 1077 (Fla.1998). To the contrary, one of the reports expressly cautioned against making that leap.
 

 A determination of a claim’s substantial fact or legal support can be made after a plaintiffs voluntary dismissal of a civil theft claim.
 
 See Tangerine Bay Co. v. Derby Road Invs.,
 
 664 So.2d 1045 (Fla. 2d DCA 1995). If, as here, a plaintiff chooses to voluntarily dismiss its suit at a point when no record evidence supports the factual or legal basis for its civil theft claim, then a defendant is entitled to recover attorney’s fees and costs expended in challenging the action. Accordingly, we reverse the circuit court’s denial of Nodal’s and PPIC’s motions for fees and costs pursuant to section 772.11 and remand for the court to determine the amount to be awarded.
 

 Reversed and remanded.
 

 WHATLEY and LaROSE, JJ., concur.
 

 [1]
 

 . "Upcoding” means an action that submits a billing code that would result in payment greater in amount than would be paid using a billing code that accurately describes the services performed. § 627.732(14), Fla. Stat. (2006).
 

 [2]
 

 . "Unbundling” means an action that submits a billing code that is properly billed under one billing code, but that has been separated into two or more billing codes, and would result in payment greater in amount than would be paid using one billing code. § 627.732(15).