# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1992
Lower Tribunal No. 09-42509
_____

## Pastor Paul Igbinadolor,
Appellant,

vs.

## Deutsche Bank National Trust Company, etc.,
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Pastor Paul Igbinadolor, in proper person.

Greenberg Traurig, P.A. and Michael D. Starks (Orlando); Greenberg Traurig, P.A. and Patrick G. Broderick (West Palm Beach), for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

SUAREZ, C.J.

Pastor Paul Igbinadolor seeks to set aside the Final Judgment of Foreclosure and the foreclosure sale. We dismiss the appeal of the Final Judgment as this

Court is without jurisdiction to hear the matter. The appeal of the Final Judgment was untimely filed more than thirty days after the June 19, 2013 rendition of that judgment. We similarly dismiss the appeal as untimely filed as to the March 31, 2016 foreclosure sale, where no objection was filed within ten days of date of sale pursuant to section 45.031(8), Florida Statutes (2016).[1]

Dismissed.

---

[1] To the extent Appellant seeks to challenge the Writ of Possession, his argument is without merit. The foreclosure action terminated Appellant's verbal leasehold, as he was joined as a party and the record shows that he received notice of the foreclosure proceedings and the Final Judgment at the foreclosed property address. The record also shows that while the foreclosure action was filed in 2009, the Appellant entered into a verbal lease agreement with the mortgagor in 2012, well into the proceedings. As a lessee pendent lite, Appellant did not file any objections to the foreclosure or sale, and ignored the Bank's proper 30-day Notice of Termination. See § 83.561, Fla. Stat. (2015); see also Redding v. Stockton, Whatley, Davin & Co., 488 So. 2d 548, 549 (Fla. 5th DCA 1986) (holding that a foreclosure action is the proper proceeding to terminate a tenant's possessory interest in a property).