# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1759
Lower Tribunal No. 21-99
_____

**Dror Levy, etc., et al.,**
Appellants,

vs.

**Eliezer Tabib, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Boyd Richards Parker Colonnelli, P.L., and Elaine D. Walter, Nathaniel H. Sari and Marcus A. Nielsen, for appellant Dror Levy.

Waserstein & Nunez, PLLC, Carlos Nunez-Vivas and John Marfoe, for appellees.

Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Sher v. Countrywide Home Loans, Inc., 848 So. 2d 1246, 1249 (Fla. 4th DCA 2003) ("The trial court's ruling concerning an award of fees under [section 772.11, Florida Statutes] is subject to an abuse of discretion standard of review and shall not be reversed absent competent record support."); Ciaramello v. D'Ambra, 613 So. 2d 1324, 1325 (Fla. 2d DCA 1991) ("[S]ection 772.11 provides a civil remedy for theft. It entitles a defendant to recover reasonable attorney's fees and court costs in the trial and appellate courts 'upon a finding that the claimant raised a claim which was without substantial fact or legal support.'" (quoting § 772.11(1), Fla. Stat.)); Nodal v. Infinity Auto Ins. Co., 50 So. 3d 721, 724 (Fla. 2d DCA 2010) (reversing a trial court's denial of attorney's fees and costs under section 772.11 only where "no record evidence [supported] the factual or legal basis for [the] civil theft claim"); Alex Hofrichter, P.A. v. Zuckerman & Venditti, P.A., 710 So. 2d 127, 129 (Fla. 3d DCA 1998) (finding "an action for conversion and civil theft will lie where there is a claim that the defendant has misappropriated or embezzled [funds]") (footnote omitted).