# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3519
Lower Tribunal No. 2020-CA-001796-O

_____

UPLAND VENTURES, INC.,

Appellant,

v.

ANA L. DIAZ-PICHARDO, ALEJANDRO PICHARDO, and HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-SL2 ASSET BACKED PASS-THROUGH CERTIFICATES,

Appellees.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
A. James Craner, Judge.

August 15, 2025

MIZE, J.

Appellant, Upland Ventures, Inc. ("Upland Ventures"), appeals the trial court's final order denying a motion for writ of possession. Upland Ventures was the purchaser at a foreclosure sale of a home (the "Property") owned by Appellees, Ana Diaz-Pichardo and Alejandro Pichardo (the "Pichardos"). Despite Upland Ventures being the successful bidder at the foreclosure sale and purchasing the

Property, the trial court found that Upland Ventures was not entitled to possession of the Property because the foreclosure pertained to a second mortgage rather than a first mortgage. We agree with Upland Ventures that the trial court erred in denying its motion for writ of possession. Upland Ventures also appeals the trial court's denial of a motion for sanctions pursuant to section 57.105, Florida Statutes. We affirm that ruling without discussion.

## Background and Procedural History

The Pichardos obtained a loan from Appellee, HSBC Bank USA, National Association, as Trustee for Ace Securities Corporation ("HSBC"), secured by a first mortgage on the Property. The Pichardos later obtained a second loan from HSBC secured by a second mortgage on the Property.

When the Pichardos defaulted on the second mortgage loan, HSBC filed suit to foreclose the second mortgage. That suit was successful, and the court below entered a Final Judgment of Foreclosure in favor of HSBC. The Final Judgment provided that if the total due under the Final Judgment was not paid, the Property would be sold at a foreclosure sale to be held, with certain exceptions, in accordance with section 45.031, Florida Statutes.[1] The Final Judgment further provided that:

> On the filing of Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the Notice of

---

[1] Section 45.031 permits court to use the procedures therein "as an alternative to any other sale procedure if so ordered by the court." None of the exceptions to the use of section 45.031 set forth in the Final Judgment are relevant to this appeal.

Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property.

At the foreclosure sale, Upland Ventures was the highest bidder, paying $370,600 for the Property. Following the sale, the Orange County Clerk of Court issued a Certificate of Sale and then a Certificate of Title.

After the sale, the Pichardos did not vacate the Property. As a result, Upland Ventures filed a motion for writ of possession. The Pichardos opposed the motion, arguing that because the foreclosure sale related to a second mortgage rather than a first mortgage, Upland Ventures did not acquire title to the Property through the sale. The Pichardos asserted that Upland Ventures actually acquired only a "judgment on a second mortgage" that did not entitle Upland Ventures to possession of the Property. The trial court agreed with the Pichardos and denied the motion, finding that Upland Ventures "only purchased a second mortgage at the . . . foreclosure sale, rather than title to the subject real property, and is therefore not entitled to immediate possession of the subject real property." This appeal followed.

## Analysis

There is no law to support the Pichardos' position or the trial court's order. The Pichardos' opposition to the motion for writ of possession cited no law, and their answer brief in this appeal cites no law which would support the notion that the purchaser of a property at a foreclosure sale does not acquire title to the property or

3

is not entitled to possession of the property when the sale relates to a second mortgage rather than a first.

As noted above, the Final Judgment provided that the foreclosure sale of the Property would be held in accordance with section 45.031, Florida Statutes. By its very nature, a foreclosure sale of property involves the sale of the property, not a sale of the mortgage being foreclosed or of a "judgment on a mortgage." *Cukierman v. BankAtlantic*, 89 So. 3d 250, 251-52 (Fla. 3d DCA 2012). Subsection (6) of section 45.031 states, "When the certificate of title is filed the sale shall stand confirmed, and title to *the property* shall pass to the purchaser named in the certificate without the necessity of any further proceedings or instruments." (emphasis added). "The 'shall' language confirms that the instruction is mandatory, creating an obligation impervious to judicial discretion." *IndyMac Fed. Bank FSB v. Hagan*, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012) (quoting *City of St. Petersburg v. Remia*, 41 So. 3d 322, 326 (Fla. 2d DCA 2010) (internal quotations omitted)). Thus, upon the filing of a certificate of title following a foreclosure sale, the purchaser acquires title to the property. Once a purchaser acquires title, the purchaser is entitled to immediate possession of the property. *Neuschatz v. Rabin*, 760 So. 2d 1018, 1018 (Fla. 4th DCA 2000) ("The purchaser at a foreclosure sale is entitled to possession of the premises from the time title vests in the purchaser."); *Redding v. Stockton, Whatley, Davin & Co.*, 488 So. 2d 548, 549 (Fla. 5th DCA

4

1986), *cause dismissed*, 492 So. 2d 1334 (Fla. 1986) ("[P]ossession, as well as title, is at issue in a foreclosure action in respect to all parties to the action.").

The only case that the Pichardos cite in support of their argument on appeal is *Garcia v. Stewart*, 906 So. 2d 1117 (Fla. 4th DCA 2005). *Garcia* merely stands for the proposition that the purchaser of a property at a foreclosure sale pertaining to a junior lien takes the property subject to any senior liens, and, therefore, any lienholders that are senior to the lien being foreclosed are not entitled to surplus proceeds from a foreclosure sale. *Id.* at 1120-21. That proposition, while correct, simply has nothing to do with whether the purchaser of a property at a foreclosure sale pertaining to a junior lien is entitled to title and possession of the property following the sale. The purchaser of a property at a foreclosure sale, whether the sale pertains to a first mortgage or a more junior mortgage, is entitled to both title and possession of the property following the completion of the sale and the issuance of the certificate of title.

## Conclusion

The trial court's order denying the motion for writ of possession is reversed, and this case is remanded to the trial court with instructions to grant the motion and enter the writ of possession.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

5

TRAVER, C.J., and GANNAM, J., concur.

Juliane M. Brumbaugh and Jonathan M. Sykes, of Nardella & Nardella, PLLC, Orlando, for Appellant.

Luis A. Gonzalez, of L. A. Gonzalez Law Offices, P.A., Orlando, for Appellees, Ana L. Diaz-Pichardo and Alejandro Pichardo.

Richard S. McIver, of Kass Shuler, P.A. Tampa, for Appellee, HSBC Bank USA, National Association, as Trustee for Ace Securities Corp, Home Equity Loan Trust, Series 2007-SL2 Asset Backed Pass-Through Certificates.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED